# Commonwealth v. Bell, Appellant.

*Constitutional law—Article III, Section 3, of the Pennsylvania constitution—Limitation of criminal actions—Prosecution of officers of corporations—Act of June 12, 1878, P. L. 196.*

The Act of June 12, 1878, P. L. 196, entitled "an act supplementary to" the Act of March 31, 1860, P. L. 382, known as the Crimes Act, violates Article III, Section 3, of the Pennsylvania Constitution, insofar as its title fails to give notice of the provisions in section 6, fixing a limit of four years for the prosecution of misdemeanors committed by any officer, director or employee of any bank or other corporation.

The Act of 1878 does not fall within the general rule which holds that the subject of a supplemental act is covered by a title which contains a specific reference to the original, where the provisions of the former act are germane to the latter, inasmuch as the Crimes Act of 1860 contains no provision limiting the time of bringing actions, such provision being found only in the Criminal Procedure Act of 1860.

*Criminal law—Embezzlement by bank officers—Limitation of actions—Evidence—Cross-examination—Acts of April 23, 1909, P. L. 169 and March 31, 1860, P. L. 427.*

The limitation of six years prescribed by Section 77 of the Criminal Procedure Act of March 31, 1860, P. L. 427, is applicable to a prosecution of a bank officer under the Act of April 23, 1909, P. L. 169, for embezzlement, misapplication of funds and making false entries in the books of the bank.

In a prosecution of a bank officer for embezzlement of funds of the bank and making false entries in its books, evidence of defendant's long course of conduct in manipulating the funds of the bank, is admissible, even though it includes evidence of offenses which are beyond the statutory period.

Evidence of similar and unconnected offenses may be offered to show guilty knowledge, design, plan, motive and intent when such is in issue, and this is true although the other offenses are beyond the statutory period.

A party will not be permitted to contradict irrelevant and immaterial matters brought out by improper cross-examination.

216,(1926).]     Syllabus—Assignment of Errors.

*Assignments of error—Subject of—Evidence.*

The admission of evidence cannot be assigned for error, if it were competent for any purpose, unless the party objecting first required its purpose to be stated.

*Trial—Charge—Accomplice.*

The failure of the trial judge to instruct the jury as to the weight to be given the testimony of an accomplice is not ground for reversal where the conviction did not rest on the uncorroborated testimony of the accomplice, and counsel for defendant failed to ask for further instructions at the trial, although given an opportunity to do so.

Mere inadequacy of a charge cannot be regarded as reversible error, where in reply to the courts inquiry whether any further instructions were desired, counsel expressed themselves as satisfied with the charge.

Argued March 10, 1926. Appeal No. 162, April T., 1926, by defendant, from Judgment of Q. S. Allegheny County, September Sessions, 1925, No. 875, in the case of Commonwealth of Pennsylvania v. John A. Bell. Before Porter, P. J., Henderson, Trexler, Keller, Linn, Gawthrop and Cunningham, JJ. Affirmed.

Indictment of bank officer for embezzlement, misapplication of funds and making false entries on the books of the bank. Before Henninger, J.

The facts are stated in the opinion of the Superior Court.

Verdict of guilty on which judgment of sentence was passed. Defendant appealed.

*Errors assigned,* among others, were the various rulings on evidence and the charge of the court.

*O. K. Eaton,* and with him *John S. Robb, Jr., W. W. Hindman* and *Vincent A. Baldauf,* for appellant.

*Samuel H. Gardner,* District Attorney, and with him *H. R. Phillips,* Assistant District Attorney, for appellee.

OPINION BY GAWTHROP, J., April 30, 1926:

The defendant was the President of the Carnegie Trust Company, a title insurance company incorporated under the laws of this Commonwealth and authorized to receive deposits of money. He appeals from a conviction on an indictment drawn under the Act of April 23, 1909, P. L. 169, which makes it a misdemeanor for the president, or certain other officers, or for an employee of a title insurance company or numerous other institutions receiving deposits of money, to embezzle, abstract or wilfully misapply any of the moneys, funds or credits of such institution, or to draw a check or bill of exchange with intent to defraud, or to make false entries in the books, reports and statements thereof, with like intent. The indictment, found October 1, 1925, contained fourteen counts, the first six of which charged the defendant with embezzlement and fraudulent application of the funds of the bank and the making of false entries in its books at various times, more than four years and less than six years prior to the finding of the bill. The other counts charged embezzlements, misapplications of funds, the illegal drawing of checks or bills of exchange, and the making of false entries in the books of the bank and false reports to the Banking Commissioner of the Commonwealth at times within four years of the finding of the bill. Defendant was found guilty on counts one to four, inclusive, and counts seven to fourteen, inclusive. The court directed the jury to render a verdict of not guilty as to counts five and six.

The indictment was drawn and the case was tried in the court below upon the theory that the statute of limitation for the offenses charged is six years. The contention of the appellant was and is that it is four years. A motion was duly made to quash the first six counts of the indictment on the ground that the offenses charged therein are laid at a time more than four years prior to the finding of the bill. The refusal

by the learned trial judge of the defendant's motion to quash these counts is the subject of the first assignment of error. Section 77 of the Act of Assembly approved March 31, 1860, P. L. 427, entitled "An Act to Consolidate, Revise and Amend the Laws of this Commonwealth relating to Penal Proceedings and Pleadings," and commonly known as the Criminal Procedure Act, reads as follows: "All indictments which shall hereafter be brought or exhibited for any crime or misdemeanor, murder and voluntary manslaughter excepted, shall be brought or exhibited within the time and limitation hereafter expressed, and not after;...... And provided also, that indictments for misdemeanors committed by an officer of a bank, or other corporation, may be commenced and prosecuted at any time within *six* years from the time the alleged offense shall have been committed." Section 6 of the Act of Assembly approved June 12, 1878, P. L. 196, entitled "An Act supplementary to an act entitled 'An Act to consolidate, revise and amend the penal laws of this Commonwealth,' approved the thirty-first day of March, Anno Domini one thousand eight hundred and sixty," and commonly known as the Crimes Act, reads as follows: "Indictments for misdemeanors committed by any officer, director, receiver, superintendent, manager, broker, attorney, agent, employee or member of any bank, body corporate or public company, municipal or quasi municipal corporation, may be commenced and prosecuted at any time within *four* years from the time the alleged offense shall have been committed." The able counsel for appellant contend that section 6 of the Act of 1878 repealed by implication that part of section 77 of the Criminal Procedure Act which fixes the time within which indictments for misdemeanors committed by any officer of a bank or other corporation may be brought. The court below held that section 6 of the Act of 1878 is unconstitutional, because the subject

thereof is not clearly expressed by the title as required by article III, section 3, of the Constitution, which provides that "no bill, except general appropriation bills, shall be passed containing more than one subject, which shall be clearly. expressed in its title." At first some of us were inclined to the view that the title of the Act of 1878 did not violate this requirement of the Constitution, but a closer examination has led us to the conclusion that the learned trial judge was right. In declaring an act of the legislature unconstitutional because its title violated article III, section 3, of the present Constitution, the Supreme Court said in Davey v. Ruffell, 162 Pa. 443, 447: "Since the adoption of the constitutional provision that requires that every bill shall relate to but one subject and that subject shall be clearly expressed in its title, the title alone should disclose the legislative purpose." In discussing the distinction between the title to an original act and that of a supplement, the following language was used in Philadelphia v. Railway Co., 142 Pa. 484, 491: "When an act of assembly is a supplement to a former act, if the subject of the original act is sufficiently expressed in its title, and the provisions of the supplement are germane to the subject of the original, the general rule is that the subject of the supplement is covered by a title which contains a specific reference to the original by its title, giving the date of its approval, and declaring it to be a supplement thereto." In Mt. Joy Borough v. Lancaster, ext., Turnpike Co., 182 Pa. 581, 584, Chief Justice Sterrett said: "As was said by this court in Phœnixville Rd., 109 Pa. 44, 'while it may be difficult to formulate a rule by which to determine the extent to which the title of a bill must specialize its objects, it may be safely assumed that the title must not only embrace the subject of proposed legislation, but also express the same so clearly and fully as to give notice of the

legislative purpose to those who may be specially interested therein. Unless it does [this it is useless.' The decisions relating to the titles of supplemental legislation do not depart from the foregoing rule. They can be sustained only on the ground that they give notice of the legislative purpose, to those specially interested, by reference to the original act.'' The constitutionality of the title of a supplemental act was before the Supreme Court in Union Passenger Ry. Co's. App., 81* Pa. 91, in which Mr. Justice AGNEW, speaking for the court, said: ''A title to a bill which tends to mislead, stands upon a different footing from one which is merely general in its terms. When the title conveys the belief that one subject is the purpose of the bill, while another and different one is its real subject, it is evident that it tends to mislead by diverting the attention from the true object of the legislation. Confiding in the title as applicable to a purpose unobjectionable to the reader, he is led away from the examination of the body of the bill. In such a case the subject is not *clearly expressed* in the title. Indeed it is not expressed at all. It may have something colorable in it, but this is merely hinting at the subject, not expressing it. ...... Nothing ambiguous can be said to be clear, and this is a decisive answer to the argument that the title is sufficient to lead to inquiry.'' To the same effect is Guppy v. Moltrup, 281 Pa. 343. Mr. Justice MESTREZAT, in discussing the title of an amending act in Provident L. & T. Co. v. Hammond, 230 Pa. 407, 414, said: ''It was not the title to an act, as will be observed, which the constitutional provision requires to be clearly expressed, but the title to the bill.......The title must speak for itself and clearly declare the legislative purpose. The investigator has the right to rely solely on the title without scrutinizing the body of the bill for information as to the subject of the proposed

legislation. The Constitution requires that notice of the subject shall be contained in the title itself."

In the light of these well settled principles let us examine the title of the Act of 1878. It reads: "An Act supplementary to an act entitled 'an act to consolidate, revise and amend the penal laws of this Commonwealth,' approved the thirty-first day of March, Anno Domini one thousand eight hundred and sixty." Whether this title so clearly expresses the subject of the act as to relieve it of the constitutional objection urged against it, must be determined from an examination of the provisions of the act and the provisions of the act it purports to supplement. Examination of the latter act discloses that it is the act known as the Crimes Act, which merely defines various statutory criminal offenses and fixes their penalties. It does not touch the subject of limitation of prosecutions or any other matter relating to criminal pleading and procedure. While the title of the Crimes Act might be regarded as sufficiently comprehensive to cover the subject of criminal procedure and all the provisions of the Criminal Procedure Act of 1860, and the legislature of 1860 might have considered the substantive penal laws of the state and the laws regulating criminal procedure as parts of one general subject and dealt with both in the same act, the fact is that the legislature treated them as separate subjects in separate acts. This fact was well understood when the bill, which subsequently became the Act of 1878, was introduced in the legislature. It seems clear that in these circumstances the title of the Act of 1878 gave no notice whatever of an intention to deal with the subject of criminal procedure or repeal or supplement any part of the Criminal Procedure Act, but entirely excluded that idea. We are constrained therefore to hold that the 6th section of the act is unconstitutional and void because the title does not even point to the subject of limitation of prosecutions. It follows that

the limitation of six years prescribed by the Criminal Procedure Act applied to this case. As the offenses charged in the first six counts were committed within six years the motion to quash was properly refused.

The first count of the indictment charged the defendant with embezzling $179,900.05 and the third count charged him with embezzling $102,500, of the funds of the bank. The second and fourth counts charged him with the making of false entries in the books of the bank in the account of the county treasurer on the dates of the above offenses, showing withdrawals of $179,900.05 and $102,500 from the county treasurer's account. The Commonwealth undertook to establish the charges in these counts by the introduction of bank records and oral testimony showing not only that the defendant committed these specific offenses, but since about 1914 he had been making personal use of the funds of the bank and had tried to conceal the fact by entering charges against the accounts of the county treasurer. The only objection made at the trial to this documentary evidence was that some of it related to offenses which were barred by the Act of 1878. The objection made to the oral evidence as to defendant's long course of conduct in manipulating the funds of the bank was a general one. The admission of this evidence, documentary and oral, is the subject of the second, third and fifth assignments of error. The objection grounded upon the contention that prosecution of the offenses charged in the first four counts was barred by the four year limitation prescribed by the Act of 1878 is disposed of by our conclusion as to the first assignment of error. But this evidence, documentary and oral was admissible under the well settled rule that evidence of similar and unconnected offenses may be offered to show guilty knowledge, design, plan, motive and intent when such is in issue, and this is true although the other offenses are beyond the statutory period: Com. v. Swab, 59 Pa. Superior Ct. 485;

Com. v. Shields, 50 Pa. Superior Ct. 1; Goersen v. Commonwealth, 99 Pa. 388; Com. v. Johnson, 133 Pa. 293. Here the evidence tended to show that the offenses charged were part of a system and were wilful and intentional and could not have been the result of accident or mistake. It is urged upon us that there was no connection between the alleged manipulation by the defendant of the accounts of the county treasurer in 1914 and the offenses charged in the last eight counts of the indictment, which were unconnected with the accounts of the county treasurer. Conceding, but not deciding, that this is a fact, no error was committed in admitting the evidence because it was clearly competent in support of the charges in the first four counts. President Judge RICE, in speaking for this Court in Commonwealth v. Keene, 7 Pa. Superior Ct. 293, 299, said: "The general rule is, that the admission of evidence cannot be assigned for error, if it were competent for any purpose, unless the party objecting first required its purpose to be stated." If the record go up on a general objection only, the ruling of the court will be sustained if the evidence be proper for any purpose: Cullum v. Wagstaff, 48 Pa. 300. At no time during the trial was the specific objection made that the evidence was not competent in support of the charges in the last eight counts, nor was the court requested to instruct the jury that it should not be considered by them in making up their verdict thereon. There is no assignment of error complaining of the omission of the court to charge the jury to that effect, or of the omission to explain the purpose for which the evidence was offered and the bearing it had on the issues. And it should be stated that the court asked at the end of the charge: "Is there anything on either side, corrections or omissions?" Doubtless instructions on the relevancy of this evidence would have been given if they had been asked.

The complaint presented by the fourth assignment of error is that the learned trial judge charged the jury that the witness Walker, called by the Commonwealth, was an accomplice and failed to instruct them as to the value of such testimony. Walker was the secretary and treasurer of the bank at the time it closed, April 25, 1925, and was the person in actual charge of its affairs. He had been treasurer for twenty-two years and secretary for more than four years. He testified, inter alia, that he made the entries in the books of the bank showing the transactions for which the defendant was indicted and did it under the direction of the defendant. He was the witness who testified that it was the practice to make charges against the various accounts of the county treasurer and to credit those accounts without any actual transactions having taken place and that this was done at the defendant's direction and for the purpose of making the books balance. The conviction in this case does not rest upon Walker's testimony alone. As to his testimony as to the embezzlements and false entries, he was corroborated by the books of the bank. His statement that the entries were made at the instance of the defendant is corroborated by the defendant's undenied confession which was in evidence. In view of this corroborative evidence and the fact that full opportunity was given to counsel to suggest wherein, if anywhere, the instructions were insufficient or unsatisfactory and as no complaint was made of the failure to instruct upon the subject of the credibility of an accomplice as a witness, we are not convinced that any error was committed. It was too late to make complaint after an adverse verdict was rendered. Mere inadequacy of a charge cannot be regarded as reversible error, where in reply to the court's inquiry whether any further instructions were desired counsel expressed themselves as satisfied with the charge: Fern

v. Pa. R. R., 250 Pa. 487, 495; Pittsburgh B. C. Co. v. Oliver C. Co., 259 Pa. 290, 296.

When J. A. Taylor, a witness called by the Commonwealth, was on the stand defendant brought out through him on cross-examination the statement that a certain note of the Harmon Creek Coal Company and the stock of the Carnegie Coal Company were worthless. The defense offered to prove that this statement was not true. The sustaining of the Commonwealth's objection to this offer is the subject of the sixth assignment of error. The complaint is without merit because the testimony of Taylor sought to be contradicted was not proper cross-examination and was an irrelevant and immaterial matter which the defendant had no right to contradict.

The only question remaining is whether the court erred in refusing defendant's motion for a new trial and in entering judgment on the verdict. A careful examination of the record has convinced us that the evidence was sufficient to support the verdict, that the case was fairly tried and that the record is free of reversible error. We find no reason for disturbing the judgment.

All of the assignments of error are overruled. The judgment is affirmed and it is ordered that the appellant, John A. Bell, appear in the court below at such time as he may be there called and that he be by that court committed until he has complied with the sentence, or any part of it, which had not been performed at the time the appeal in this case was made a supersedeas.

---

CONCURRING OPINION BY HENDERSON, J., April 30, 1926:

I am unable to agree with the majority of the court in the conclusion that the 6th section of the Act of Assembly approved June 12, 1878, P. L. 196, entitled "An

Act supplementary to an Act entitled 'An Act to consolidate, revise and amend the penal laws of this Commonwealth,' '' approved the 31st day of March 1860, which limits to four years the time within which a prosecution may be brought against an officer, director or manager of a bank for the misdemeanors charged, is unconstitutional. It appears, however, that the sentence imposed was on counts of the indictment within the statutory period and the defendant was not prejudiced by the decision of the court below that the section of the Act of 1878 referred to is unconstitutional. The reason given in the opinion of Judge GAWTHROP for holding that the admission of evidence in support of these counts was competent are sustained by authority, such evidence being admissible to show knowledge and intent with respect to the misdemeanors on which the verdict rests. I concur in the judgment for this reason.

President Judge PORTER authorizes me to say that he concurs in the judgment for like reason.