*Constitutional law—Title of statutes—Act of June 12, 1878, P. L. 196—Supplement.*

1. The subject-matter of section 6 of the Act of June 12, 1878, P. L. 196, is sufficiently set forth in the title of the statute to satisfy the requirements of article III, section 3, of the State Constitution.

2. Where a title to an act simply states it is a supplement to a designated earlier statute, any provision which is germane to the earlier statute and could constitutionally have been inserted therein, may be placed in the supplementary act, even though it was not specifically legislated upon in the earlier statute.

*Statutes—Repeal—Acts of March 31, 1860, P. L. 427, and June 12, 1878, P. L. 196—Criminal law—Limitation of prosecution.*

3. Section 6 of the Act of June 12, 1878, P. L. 196, impliedly repeals section 77 of the Act of March 31, 1860, P. L. 427, so far as concerns the limitation of prosecutions for the crimes specified in that section of the Act of 1878.

*Criminal law—Evidence—Distinct crimes.*

4. While ordinarily evidence is not admissible of a crime distinct from that for which the defendant is being tried, the fact of such crime, and defendant's connection with it, may be proved whenever it tends to show guilty knowledge, design, plan, motive or intent, if these matters are in issue in the case on trial.

30          COMMONWEALTH *v.* BELL, Appellant.

*Appeals—Evidence—Assignments of error—Competency of evidence.*

5. The general rule is that the admission of evidence cannot be successfully assigned for error, if it was competent for any purpose, unless the party objecting first required its purpose to be stated.

Argued September 29, 1926. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

Appeal, No. 84, March T., 1926, by defendant, from judgment of Superior Court, April T., 1926, No. 162, affirming judgment of sentence of Q. S. Allegheny Co., Sept. T., 1925, No. 875, on verdict of guilty in case of Commonwealth v. John A. Bell. Affirmed.

Appeal from Superior Court. See 88 Pa. Superior Ct. 216.

Indictment in quarter sessions for offenses committed by president of a bank in his official capacity. Before HENNINGER, P. J., specially presiding.

The opinion of the Supreme Court states the facts.

Sentence on verdict of guilty on certain counts. Affirmed by Superior Court. Defendant appealed.

*Error assigned* was, inter alia, judgment of Superior Court, quoting it.

*O. K. Eaton,* with him *John S. Robb, Jr., W. W. Hindman* and *Vincent A. Baldauf,* for appellant.—The doctrine of repeal by implication applies to criminal statutes as well as others.

Section 6 of the Act of 1878, is not deprived of validity because of the absence of a repealing clause, nor is the Act of 1860, for the same reason, kept in existence. They are absolutely inconsistent; there is such a manifest and total repugnance that the two enactments cannot both stand: Schuylkill Haven Boro. v. Trinity Church, 62 Pa. Superior Ct. 413.

Where the legislation in the supplement is germane to the subject of the original bill the object of such supplement is sufficiently expressed in the title which quotes the title of the original act: State Line, etc., App., 77 Pa. 429; Pottstown Boro., 117 Pa. 538.

The act in question has not been declared unconstitutional by any decision in this Commonwealth. In the following case the sufficiency of the title of the act was questioned with particular reference to the first four sections: Com. v. Flecker, 17 Pa. C. C. R. 671. See also Com. v. Shoener, 30 Pa. Superior Ct. 321; Com. v. Keuhne, 42 Pa. Superior Ct. 361; Com. v. Scheiring, 61 Pa. Superior Ct. 261.

The evidence admitted amounted to proof of distinct and different crimes and independent offenses: Shaffner v. Com., 72 Pa. 60.

One embezzlement does not prove another (unless some connection between the two be shown) any more than one assault proves another: Com. v. House, 223 Pa. 487.

To convict a defendant on evidence which should not have been admitted is not giving him the full and fair hearing to which he is entitled as a part of his constitutional rights.

*Samuel H. Gardner,* District Attorney, with him *H. R. Phillips,* Assistant District Attorney, for appellee, cited as to admissibility of evidence of other acts committed by the defendant and not alleged in the indictment: Goersen v. Com., 99 Pa. 388; Com. v. Swab, 59 Pa. Superior Ct. 485; Com. v. Bell, 166 Pa. 405; Com. v. House, 6 Pa. Superior Ct. 92; Com. v. Johnson, 133 Pa. 293; Kramer v. Com., 87 Pa. 299.

OPINION BY MR. JUSTICE SIMPSON, January 3, 1927:

Defendant, who for many years had been president of a trust company of this Commonwealth, authorized to receive deposits of money, was indicted under the

Act of April 23, 1909, P. L. 169, being charged, in fourteen separate counts, with various crimes committed by him in his official capacity. He was acquitted so far as respects the fifth and sixth counts, but convicted on the others. Subsequently a perpetual stay was entered as to the first four counts; he was sentenced on the last eight; the Superior Court affirmed the sentence, and from its judgment we allowed the present appeal.

The first four counts allege the commission of offences more than four years prior to indictment found. For this reason defendant moved to quash them, alleging that the applicable statute of limitations was four years, as fixed by section 6 of the Act of June 12, 1878, P. L. 196. The Commonwealth claimed that that section was void, under article III, section 3, of our state Constitution, because its subject-matter was not clearly expressed in the title to the statute. To this we cannot assent. The Act of 1878 is entitled "An act supplementary to an act entitled 'An act to consolidate, revise and amend the penal laws of this Commonwealth,' approved the 31st day of March, Anno Domini 1860 [P. L. 382]." The contention seems to be that because the Act of 1860 says nothing regarding the limitation of actions, no supplement thereto can constitutionally deal with that subject, especially as it is covered by another statute of 1860, of the same date, commonly called the Criminal Procedure Act, P. L. 427. We are not concerned, however, with the course pursued by the legislature of 1860. It had the right, within constitutional limitations, to make as many or as few statutes as it pleased regarding the general subject of crimes; but it could not, by the course it chose to pursue, affect the right of the legislature of 1878, to legislate in such a way as it desired.

It has been uniformly held that where the title to an act alleges it is a supplement to a preceding statute, any provision which could have been inserted in the earlier act, without infringing constitutional provisions,

may be inserted in the later one, and this is so although that particular subject had not been dealt with in the original statute (State Line & Juniata R. R. Co.'s App., 77 Pa. 429; In re Pottstown Borough, 117 Pa. 538; Phila. v. Ridge Ave. Ry. Co., 142 Pa. 484, 491) provided only the supplementary act be germane also to the subject dealt with in the original act (Mt. Joy Borough v. Lancaster, etc., Turnpike Co., 182 Pa. 581), as in this case it was, since that subject was crimes and the liability therefor. One of the best descriptions of a supplemental act is found in the opinion of the lower court, adopted by us in Troop v. Pittsburgh, 254 Pa. 172: "When we speak of a supplemental act, we intend something added to, something new, and in legislation we mean, by a supplement to an act already in force, to add to it something not contained in the original, which new and added legislation is nevertheless germane to the subject of that already in force." Apparently recognizing this, the Commonwealth calls attention to the fact that the earlier sections of the Act of 1878 are really amendments and not supplements to the Act of 1860. It will be time enough to decide whether their provisions are sufficiently disclosed by the title, when that question is duly raised. At this time we are only interested in the sixth section, and it is clearly covered by the title, for a statute of limitations as to crimes could have been inserted in the Act of 1860, which was intended to "consolidate, revise and amend the penal laws" of the State; hence it was properly included in the supplement of 1878.

The Commonwealth also contended that even if section 6 of the Act of 1878 was constitutional, it did not impliedly repeal section 77 of the second of the Acts of 1860 (P. L. 427, 450), which fixed the limitation at six years, but only related to the offenses specified in the earlier sections of the Act of 1878. The applicable language of section 6 is as follows: "Indictments for misdemeanors committed, by any officer......of any bank,

body corporate or public company, municipal or quasi-municipal corporation, may be commenced and prosecuted at any time within four years from the time the alleged offense shall have been committed.'? While much may be said in support of the argument made by the Commonwealth on this point, we do not feel at liberty, after half a century, to limit the broad language quoted, especially as the legislature, when it intended to limit its enactment to the crimes specified in the preceding sections, used apt language for the purpose, as it did in the fifth section of the statute; hence we conclude that as this later statute limits the right to indict to a period of four years, it must impliedly repeal the earlier one which allows an indictment at any time within six years.

At the trial, when the Commonwealth offered proof of the crimes alleged in the first four counts, defendant made only a general objection thereto, which was overruled and the evidence admitted. This is now assigned as error, and it is urged that if those counts had been quashed, the evidence would not have been admissible, and hence the case falls within the rule that harm will be presumed from admission in evidence of proof of a crime distinct from that for which the defendant is being tried. The difficulty with this contention is, however, that the evidence referred to would have been admissible if the first four counts had never been drawn. Upon this point it is well said by the Superior Court (88 Pa. Superior Ct. 216, 223) : "This evidence, documentary and oral, was admissible under the well-settled rule that evidence of similar and unconnected offenses may be offered to show guilty knowledge, design, plan, motive and intent when such is in issue, and this is true although the other offenses are beyond the statutory period: Com. v. Swab, 59 Pa. Superior Ct. 485; Com. v. Shields, 50 Pa. Superior Ct. 1; Goersen v. Com., 99 Pa. 388; Com. v. Johnson, 133 Pa. 293. Here the evidence tended to show that the offenses charged were part of a

system and were wilful and intentional and could not have been the result of accident or mistake......President Judge RICE, in speaking for this court in Com. v. Keene, 7 Pa. Superior Ct. 293, 299, said: 'The general rule is that the admission of evidence cannot be assigned for error, if it was competent for any purpose, unless the party objecting first required its purpose to be stated.' If the record go up on a general objection only, the ruling of the court will be sustained if the evidence be proper for any purpose: Cullum v. Wagstaff, 48 Pa. 300. At no time during the trial was the specific objection made that the evidence was not competent in support of the charges in the last eight counts, nor was the court requested to instruct the jury that it should not be considered by them in making up their verdict thereon. There is no assignment of error complaining of the omission of the court to charge the jury to that effect, or of the omission to explain the purpose for which the evidence was offered and the bearing it had on the issues. And it should be stated that the court asked at the end of the charge: 'Is there anything on either side, corrections or omissions?' Doubtless instructions on the relevancy of this evidence would have been given if they had been asked."

What has been said covers practically all the points urged in the brief and on the oral argument, and for that reason it is not necessary to pursue the subject further. Nevertheless we have carefully examined the entire record, and have considered all the assignments of error, and need only add that the majority of the court are clearly of opinion that there nowhere appears prejudicial error calling for a reversal.

The judgment of the Superior Court, affirming the sentence of the Court of Quarter Sessions of the Peace of Allegheny County, is affirmed, and it is ordered that the defendant, John A. Bell, appear in the latter court at such time as he may be there called, and that he be by that court committed until he has complied with so

much of his sentence as had not been served at the time the appeal in this case was made a supersedeas, unless he shall sooner be discharged therefrom according to law.