Stone, Appellant, v. School Dist. of City of Carbondale.

Argued March 2, 1931.

Before Trexler, P. J.,
Keller, Linn, Gawthrop, Cunningham, Baldrige and
Drew, JJ.

*Ben L. Stone,* for appellant.

*Walter W. Harris* of *Knapp, O'Malley, Hill & Harris,* and with him *Clarence Balentine* of *Kelley, Balentine, Fitzgerald & Kelley* and *Thomas A. Garvey,* for appellee.

OPINION BY DREW, J., April 15, 1931:

This is an appeal from a decree dismissing a bill in equity. The bill was filed by plaintiff as a citizen, resident, and taxpayer of the School District of the City of Carbondale, praying for an injunction to restrain the defendant School District from paying to an attorney the amount of the commissions earned by him under a contract with the defendant for the collection of school taxes.

The learned Chancellor found the following facts: that the defendant is a school district of the third class and under the law the city treasurer is the collector of school taxes; that on November 30, 1929, John J. Hart, who was city treasurer and tax collector for the years 1926 and 1927, had for those years unsettled duplicates of taxes supposed to be collectible, amounting to over $40,000 and at the same time Vassar P. Jones, who was collector for 1928, had similar duplicates for that year, amounting to $66,191.71; that on November 30, 1929, the School Board exonerated both tax collectors from liability for the collection of said taxes, released their bonds, and by resolution employed Milton J. Kolansky as its agent or attorney, for a period of two years, to collect said delinquent taxes and liens, and awarded him compensation of 10% of all moneys collected, together with the penalty of 10% in case of suit, as provided in Section 503 of the School Code; that the said Milton J. Kolansky has collected over $22,000 of delinquent taxes upon which there remains due him an unpaid balance of $916.40 as commissions; that by a taxpayer's bill filed, plaintiff sought to re-

strain payment to Milton J. Kolansky of commissions on taxes collected by him.

The learned Chancellor dismissed the bill and his conclusions of law and discussion show that he did so because he concluded that Sections 305 and 503 of the Act of 1911, P. L. 309 (School Code) authorized defendant School District to make the contract with Kolansky for the collection of school taxes. We cannot agree with this conclusion. Section 305 does authorize school directors to employ a solicitor. It would be almost impossible for the Board to function without a solicitor, he being necessary for many purposes. But such section does not authorize the employment of a solicitor to take the place and perform the duties of the tax collector. Section 503 reads as follows: "Every school district in this Commonwealth may, in addition to the present manner and remedies provided by law for the collection of school taxes, maintain an action in assumpsit for the collection of any unpaid school taxes, before any magistrate, justice of the peace, or alderman, or in any court of record; and to any judgment obtained for such taxes there shall be added a penalty of ten percentum, together with costs of suit, upon which judgment an execution may be issued without any stay of execution, and no defendant in any such judgment shall have the right to any exemption of property levied upon to collect the same." It is clear that this section was intended only to give the School District an additional method to collect delinquent school taxes, by action in assumpsit. That is the plain language of the section.

There is a very wide difference between the powers given a school district in Sections 305 and 503 and the power assumed by the defendant Board of School Directors in making the Kolansky contract. There is no warrant in these sections, or elsewhere in the Code, for the action of the School Board in sup-

64

planting the legal tax collector, and that is exactly what was done in this case. The School Board exonerated the tax collector, released his bond, and on the same day employed Kolansky, as "agent or attorney," to do the work of the tax collector and at a greatly increased compensation. This was contrary to law and sound public policy. Under the circumstances, the increase in compensation from 3% for the legal collector to 10% for Kolansky, and an additional 10% in case of suit, a difference of 17% where the tax was collected by Kolansky through suit, constituted an unwarranted expenditure of the taxpayer's money.

In saying this we wish it understood that we in no sense question the good faith of the officers of the School Board or of Mr. Kolansky. They doubtless believed their contract was good in law, and of benefit to the School District. The learned Chancellor agreed with them. The services of the attorney were satisfactory, and his rate of compensation might not be considered excessive in a proper case—but here what the School Board did in effect was to employ an attorney in the capacity of tax collector at a greatly increased compensation, and without any warrant in law for so doing, which makes these considerations immaterial.

There is no question of the right of a school district to exonerate its tax collector. In the exercise of a wise discretion it is proper to do so. The question has been decided as regards boroughs (Jones v. Sharon Boro., 238 Pa. 35; Borough of Dunmore v. Dempsey, 280 Pa. 190), and the same principle of law applies to school districts. But such cannot be done for the purpose of supplanting a legal tax collector by another collector, and it matters not by what name the latter may be called.

There is a close analogy between the question involved in the instant case and the question as to the

filling of vacancies in the office of tax collector in school districts of the second, third or fourth class, as provided by Section 547 of the School Code. In Black v. Duquesne Borough School District, 239 Pa. 96, it was held that the power of filling such vacancies by the School Board is limited strictly under the School Code. At page 104 the Supreme Court says: "It has been the declared statutory policy of the law for more than a quarter of a century that school, borough, township, and other local taxes shall be collected by a single tax collector, elected by the people of the local districts, and if it be the intention of the legislature to change this policy by substituting collectors to be appointed for the collection of school taxes, it is not too much to require that it shall be done by language so plain as to leave no doubt about its meaning." (See also Com. v. Duquesne Borough School District, 256 Pa. 50).

A tax collector elected by the people, as in this case, does not derive his authority to collect taxes from the School Board but from his election and from the provisions of the present School Code which direct that he shall collect school taxes: Black v. Duquesne Borough School District, supra.

There is before us a motion to dismiss this appeal because of alleged failure by appellant to comply with Rule 29 of this court. There is not a sufficient departure from the rule to warrant dismissing the appeal. We have had no difficulty in finding in the record sufficient to decide the case upon its merits. The motion is overruled and discharged.

The decree is reversed, the bill reinstated, and the record remitted to the court below with directions to issue an injunction restraining the defendant School District from paying to Milton J. Kolansky the sum of $916.40, or any sum, for collecting school taxes under the resolution of the School Board, dated November 30, 1929. The costs to be paid by appellee.