Stone *v.* Carbondale School District, Appellant.

Argued January 25, 1932. Before FRAZER, C. J., SIMPSON, KEPHART, SCHAFFER and MAXEY, JJ.

*Thomas A. Garvey,* with him *Clarence Balentine,* of *Kelly, Balentine, Fitzgerald & Kelly,* and *Walter W. Harris,* of *Knapp, O'Malley, Hill & Harris,* for appellant.—In the circumstances as they existed on November 30, 1929, the school board either had to lose the entire amount of outstanding taxes, in the sum of over $100,000, or employ someone to enforce the payment thereof by the defaulting taxpayers. In the exercise of its discretion, which is unchallenged in the record, the school board employed Kolansky as its attorney and agent, as appears by the resolution hereinbefore recited, and in so acting the board had abundant statutory authority: School Code of 1911, P. L. 309, article V; Mason v. School Dist., 242 Pa. 359; Black v. Boro., 239 Pa. 96.

*Ben L. Stone,* for appellee.—Appellant is a district of the third class, and its territorial limits and extent are coincident with the City of Carbondale, which is a city of the third class. The collector of school taxes in such an instance is the city treasurer of the said city and the school board is without authority to appoint a tax collector and a vacancy can not be created for the purpose of making an appointment: Com. v. Gritman, 255 Pa. 277; Com. v. Dusman, 240 Pa. 464; Black v. School Dist., 239 Pa. 96.

If the argument of appellant is correct, then there would be no taxes whatsoever to collect. For an exonerated tax is such a tax that is uncollectible, and is an abated tax and a tax which frees and releases the taxable from paying the same.

School districts of the third class cannot supplant the legal tax collector through the employment of an attorney at a greatly increased compensation, to collect taxes which the legal tax collector should have collected.

The Superior Court in its opinion points out that the school district was without authority to contract with Kolansky for the collection of the school taxes. The appellee wishes to add that under section 402 of the School Code, or School Law, the appellant school district must collect the necessary taxes in the manner provided by the School Law. There is no place in this law for the appointment of an attorney or agent to collect school taxes. This duty is upon the city treasurer and no ingenuity or invention in calling the collector, agent or attorney, can contravene or circumvent the provisions of the School Law.

OPINION BY MR. JUSTICE SCHAFFER, March 14, 1932:

Little can be written in this case which has not already been said by the Superior Court (see 102 Pa. Superior Ct. 60). The action is a taxpayer's bill to enjoin the payment of fees to a special attorney employed by defendant school district to collect delinquent taxes. The chancellor dismissed the bill, the Superior Court reinstated it and we have this appeal·by defendant.

The school district by resolution exonerated two city treasurers, whose duty it was to collect the taxes, from the collection of school levies for the years 1926, 1927 and 1928, amounting to $106,191.71, and released their bonds. Simultaneously it employed Milton J. Kolansky as its agent and attorney to collect the taxes at a compensation of 10% on all money collected, together with the penalty of 10% in case of suit. Kolansky proceeded to collect part of the sums named and this bill was filed to enjoin any payment to him on the ground that his employment was unauthorized. Our conclusion is in agreement with that of the Superior Court, that the School Code of May 18, 1911, P. L. 309, 24 P. S., section 1, does not warrant the employment of an attorney to take the place of and perform the duties enjoined by law on the city treasurer, the official designated by law to collect school taxes. Nothing in section 503 of the

Code justifies such action. If suits have to be instituted to collect the unpaid taxes, that duty devolves upon the regularly appointed solicitor of the board. Under the School Code he has authority to proceed to collect all delinquent taxes whether liens have been filed or not.

While we do not say that under no circumstances may a school district employ a special attorney, we unqualifiedly state that in instances such as this and for the purpose here intended it may not. What was said in Com. v. Jones, 275 Pa. 298, as to county commissioners, applies in principle to boards of school directors. The employment of special counsel by them should never be resorted to, save under conditions which are unusual and exceptional and where there is a real requirement for additional skill and knowledge. For further authorities, see Light v. Lebanon Co., 292 Pa. 495; Bechtel v. Fry, 217 Pa. 591.

The decree of the Superior Court is affirmed at appellant's cost.