Commonwealth *v.* Mattocks, Appellant.

Argued October 1, 1934.

Before Keller, Cunningham, Baldrige, Stadtfeld, Parker and James, JJ.

*Clarence A. Patterson,* and with him *J. Clyde Gilfillan,* of *Gilfillan & Patterson,* for appellant.

*John S. Powers,* Assistant District Attorney, and with him *Mont L. Ailey,* District Attorney and *Leroy K. Donaldson,* for appellee.

OPINION BY PARKER, J., December 18, 1934:

Ray K. Mattocks, secretary of the school district of Ellwood City, Lawrence County, was indicted for the fraudulent taking and conversion of moneys of the school district and for the fraudulent omission to make true entries in the books of the school district of matters concerning the same transactions. The indictment contained thirty-eight counts. The first count charged the fraudulent taking and conversion of $2,026.65 during a period from September 21, 1931, to February 29, 1932, and itemized the various sums making up the total. The second count charged the fraudulent omission to make true entries. The remaining counts charged separately each of the alleged transactions charged in the first and second counts.

A "true bill" was returned at the September sessions of 1933 and at that term the case was set for trial when, on motion of defendant, it was continued to the December term. At that time defendant entered a plea of nolle contendere. After the petit jury was discharged, the defendant was called for sentence and with the consent of court he withdrew his plea, neces-

sitating a postponement of trial until March. After the postponements referred to and when the case was called for trial, a motion was made to quash the indictment for the reason that more than three distinct acts of embezzlement were charged in one indictment and a further motion was made that, in the event the motion to quash was refused, the Commonwealth be directed to elect on which three counts it would proceed. Both motions were refused and the defendant was convicted on all counts, whereupon he filed a motion in arrest of judgment. This motion was refused and defendant was sentenced on counts seventeen and eighteen for the same period, sentences to run concurrently. On this appeal the defendant assigns as error the refusal of the motions to quash, to require Commonwealth to elect counts upon which it would proceed, and in arrest of judgment.

The counts charging fraudulent taking and conversion were laid under Section 116 of the Penal Code, as amended by the Act of June 12, 1878, P. L. 196 (18 PS 2511), and the counts charging fraudulent omission to make true entries were laid under Section 117 of that code, as amended by the same act (18 PS 2512). The appellant, in support of his assignments of error, relies upon Section 28 of the Criminal Procedure Act of 1860 (P. L. 427, 19 PS 412). We are all of the opinion that Section 28 of the Criminal Procedure Act is not applicable to an indictment under Section 116 of the Penal Code.

"To arrive at the real meaning, it is always necessary to take a broad general view of the act, so as to get an exact conception of its aim, scope and object": Endlich on Interpretation of Statutes, p. 35, and to consider the old law, the mischief and remedy. "The rule requiring the interpretation of a statute in the light of, and with reference to, others in pari materia, has a peculiarly appropriate application to acts upon

such kindred subjects passed at the same session of the legislature": Id. p. 58. The Penal Code and the Criminal Procedure Code not only were enacted at the same session of the legislature but were, as the title usually applied to this legislation indicates, a codification of law on those subjects and were intended to correct abuses disclosed in actual experience and practice. Although a matter as to which there was a difference of opinion, it was generally conceded that, in cases of felony, it was bad practice and a ground for quashing the indictment or requiring an election to join separate and distinct offenses in one indictment. Such was not the rule with reference to misdemeanors. "Even in case of felony, though it be true, that no more than one offense should regularly be charged in one indictment, and that the court would quash the indictment before plea, or, if on the trial, the court should think it might confound the prisoner, they may exercise a discretion in compelling the prosecutor to elect on which charge he will proceed, yet, even in felonies, there is no objection to the insertion of several distinct offenses of the same degree, though committed at different times, in the same indictment against the same offender; and it is no ground of demurrer, or in arrest of judgment; and where offenses are of the same nature, counts at common law, and on a statute, may be joined. 1 Chitty C. L. 175. In misdemeanor, no objection can be made to joining several in the same indictment in any stage of the proceeding. 2 Burr. 984": Com. v. Gillespie, 7 S. & R. 469, 476.

Section 28 of the Criminal Procedure Code (19 PS 412) provides: "It shall be lawful in cases of embezzlement by clerks, servants or other persons in the employ of another, to charge in the indictment and proceed against an offender for any distinct acts of embezzlement, not exceeding three, which may have been committed by him against the same master or em-

ployer, within the space of six calendar months, from the first to the last of such acts." Section 107 of the Criminal Code (18 PS 2484) is as follows: "If any clerk, servant, or other person in the employ of another, shall by virtue of such employment receive and take into his possession any chattel, money or valuable security, which is or may be made the subject of larceny, for or in the name, or on account of his master or employer, and shall fraudulently embezzle the same, or any part thereof, every such offender shall be deemed to have feloniously stolen the same from his master or employer, although such chattel, money or security was not received into the possession of such master or employer otherwise than by the actual possession of his clerk, servant or other person in his employ, and shall be punished as is provided in cases of larceny of like property." This offense is denominated fraudulent embezzlement and is made a felony punishable as in cases of larceny. In fact, it was an important modification in the penal law correcting a condition which existed by reason of the fact that at common law it was not larceny in a servant or other employee to convert to his own use property received by him for the use of his master or employer and where the servant had done no act to determine his original lawful and exclusive possession as by depositing the goods in the master's house. The subjects of both of these acts, "clerk, servant or other person in the employ of another," are identical, from which it may be concluded that Section 28 of the Procedure Act should be held to apply to Section 107 of the Criminal Code.

Section 116 of the Criminal Code (18 PS 2511), under which this indictment was laid, is in the following language: "If any person, being an officer, director, superintendent, manager, receiver, employe, agent, attorney, broker, or member of any bank or other body

corporate, or public company, municipal or quasi-municipal corporation, shall fraudulently take, convert or apply to his own use, or the use of any other person, any of the money or other property of such bank, body corporate or company, municipal or quasi-municipal corporation, or belonging to any person or persons, corporation or association, and deposited therein, or in possession thereof, he shall be guilty of a misdemeanor." The subjects of the offense in Sections 107 and 116 are different and the crime named in Section 116 is made a misdemeanor and is not specifically designated as embezzlement. The form of Section 28 is also a proper matter for consideration. Literally, it is in the form not of a prohibition against the joining of more than three offenses in an indictment, but a permission to join that number, thus disclosing an intention to remove any doubt about the right to join separate offenses in one indictment in the cases provided for. There was no occasion to apply this section of the Procedure Act to offenses which were mere misdemeanors. When we compare the different statutes and consider the old law and the remedy and particularly the language used, it appears clear to us that Section 28 has no application to an indictment drawn under Section 116 of the Criminal Code.

We have no doubt about the right of a trial court, in the exercise of a legal discretion, to require an election where there is a misjoinder which legally prejudices the rights of a defendant, but there was not here any such condition and the defendant was not harmed. He was sentenced upon but one of the counts for fraudulent conversion and one count charging the fraudulent omission to make proper entries. The other offenses might have all been shown in the absence of additional counts to prove criminal intent or that the particular transaction was part of a general plan: Com. v. Flick,

97 Pa. Superior Ct. 169, 174; Com. v. Bell, 288 Pa. 29, 135 A. 645; Goersen v. Com., 99 Pa. 388; Com. v. Dwyer, 79 Pa. Superior Ct. 485, 491. The sentences were for the same period and were to run concurrently.

The appellant places much reliance upon the case of Com. v. Camwell, 89 Pa. Superior Ct. 339. However, at page 343 of the opinion in that case, we stated: "We express no opinion upon this question of alleged misjoinder of counts because it is not properly before us on this appeal and we are satisfied that, as this appellant was sentenced only upon the first and second counts of the indictment, and as the evidence admitted under the other counts was competent, as will be shown, to support the charges contained in the first and second, she has not been prejudiced."

Judgment affirmed, and it is directed that the defendant appear in the court below at such time as he may be there called and that he be by that court committed until he has complied with the sentence, or any part of it, which had not been performed at the time the appeal in this case was made a supersedeas.