Commonwealth *v.* Smith, Appellant (No. 1).

Argued December 17, 1934.

Before KELLER, CUNNINGHAM, BALDRIGE, STADTFELD, PARKER and JAMES, JJ.

*Charles P. O'Malley* and *J. Julius Levy,* with them *Lee P. Stark* and *Clarence J. Wing,* for appellant.

*John W. Murphy,* Assistant District Attorney, and

with him *Michael J. Eagen,* District Attorney, for appellee.

Opinion by Cunningham, J., February 1, 1935:

On September 15, 1932, an indictment was returned against appellant charging a violation of Section 1 of the Act of June 12, 1878, P. L. 196, 18 PS §2511, which, insofar as applicable to this case, provides: "If any person being an......agent......of any...... quasi municipal corporation shall fraudulently take, convert or apply to his own use......any of the money ......of such......quasi municipal corporation...... he shall be guilty of a misdemeanor."

In the charging part of the indictment it was averred that on March 30, 1932, appellant "being then and there an agent for the School District of the City of Scranton, a quasi municipal corporation, ......and acting as such, to wit, for the collection and receiving of certain moneys then and there due and owing to the aforesaid school district as delinquent taxes, and having then and there collected and received as agent of and for and on behalf of the aforesaid school district the sum of $17,058.39, ......the property of and belonging to the aforesaid school district, and having the same in his possession as agent......did ......wilfully and fraudulently take, convert and apply the same to and for his own use and benefit, contrary, etc."

Historically, it should be here noted that on the same day the present indictment was returned, three additional indictments were found against appellant, at the same number and term in the court below (No. 925 October Sessions, 1932) in which he was charged with the fraudulent conversion, in the early part of 1932, of three additional and separate sums of money. These indictments were drawn substantially in the language of the Act of May 18, 1917, P. L. 241, 18

PS §2486, making the fraudulent withholding or conversion of money or property—however received—"belonging to any other person, firm, or corporation," or which any other person, firm, or corporation is entitled to receive and have, a misdemeanor and prescribing penalties therefor.

Out of these additional indictments arose the three separate appeals which are considered and disposed of in a companion opinion this day filed at Nos. 54, 55 and 56 February Term, 1935, of this court.

When appellant was called for trial on June 18, 1934, his counsel moved that all four indictments be consolidated for trial; the motion was denied and the trial proceeded upon the indictment charging the fraudulent conversion of $8,046.34 on February 6, 1932, (Appeal No. 56 February Term, 1935). A plea of not guilty was entered, a jury was called and sworn, and the introduction of evidence was proceeded with before FLEMING, P. J., of the 49th Judicial District, specially presiding.

On June 20, 1934, appellant withdrew his plea of not guilty and tendered to the trial judge a plea of nolo contendere to the indictment upon which the jury had been sworn, and at the same time tendered pleas of nolo contendere to the indictment for embezzlement, out of which the present appeal arose, and to the two additional indictments charging fraudulent conversion (Appeals Nos. 54 and 55 February Term, 1935) thereby terminating the trial and placing upon the trial judge the duty of disposing of each of the four indictments upon a plea of nolo contendere to the respective charges contained therein.

The third, fourth, fifth and sixth assignments of error in this appeal are based upon the proceedings which followed the acceptance of these pleas. After entering the withdrawal of the plea of not guilty and the tendering of a plea of nolo contendere, the clerk

originally made this further entry upon the docket: "Now, June 20, 1934, defendant pleads nolo contendere to three other indictments, two charging fraudulent conversion and one charging embezzlement by agent of quasi municipal corporation, whereupon the Commonwealth moves for judgment of conviction and defendant is adjudged guilty, and sentence is deferred pending outcome of a suit in equity now pending."

In Com. v. Rousch, 113 Pa. Superior Ct. 182, 172 A. 484, we had occasion to define the proper practice upon the acceptance by a trial judge of a plea of nolo contendere. We there said that when such plea is tendered and accepted "it is not the province of the judge to adjudge the defendant guilty or not guilty," because, under the cases cited in that opinion, and particularly Com. v. Ferguson, 44 Pa. Superior Ct. 626, such plea, "when accepted by the court, is, in its effect upon the case, equivalent to a plea of guilty." Conviction and sentence follow upon it in the same manner as upon a plea of guilty—the only difference being that a defendant cannot plead nolo contendere without the leave of the trial judge and it cannot be used against him, as an admission of guilt, in any subsequent civil suit for the same act. The history of the plea is fully reviewed in Teslovich et ux. v. Fire F. Ins. Co., 110 Pa. Superior Ct. 245, 168 A. 354.

No action was taken upon the plea of nolo contendere until November 17, 1934, when appellant was called for sentence. A motion in arrest of judgment (hereinafter considered) was then made in his behalf. This motion having been overruled, appellant was sentenced upon the indictment here involved to pay costs, a fine of $1,000, and undergo imprisonment in the penitentiary for a period of not less than 2½ years nor more than 5 years; the present appeal is from that judgment.

The certiorari, issued from this court on November

20th, directed the court below to certify and send the record and proceedings, with all things touching the same, "so full and entire" as they remained in the court below. Subsequent to the perfecting of the appeal by the filing of the certiorari in the court below, but prior to the certification by the clerk and by that court of the record, the trial judge made an order, under date of November 30th, in which, after quoting the above entry of June 20, 1934, and stating that the same was "grossly in error" as he had at no time adjudged, or attempted to adjudge, the defendant guilty upon any of the pleas of nolo contendere, he directed that the record of the proceedings of that date be amended so as to show that, after the plea of not guilty had been withdrawn and a plea of nolo contendere tendered, the following occurred: "Whereupon the Commonwealth moves for judgment of conviction and sentence is deferred until we have had some opportunity to examine the court's action on exceptions to decree nisi in an equity case wherein the defendant is a party and which is now undisposed of and to weigh the determination of that case."

On December 1st, the court below, by LEACH, J., and upon motion of the district attorney, directed that the record be corrected in accordance with the order of the trial judge and at the same time noted an exception to appellant and granted a rule to show cause why the order of correction should not be vacated. In his answer to the rule appellant questioned the authority of the court below to amend the record after the appeal to this court had been taken and perfected, and averred that the entry of June 20, 1934, as originally made, correctly recorded the proceedings of that date.

At the hearing upon the rule and answer before the court below, in banc, counsel for appellant, citing Harwood v. Bruhn et ux., 313 Pa. 337, 170 A. 144, moved that the order of December 1st be vacated upon

the ground that the court below had no power to "proceed with a cause after it has been served with a writ of certiorari issued by an appellate court." When asked whether they desired to offer any evidence counsel for appellant requested a ruling upon their motion to vacate. A majority of the judges of the court below directed that the rule to vacate be discharged. When counsel for appellant then proposed to take testimony, their attention was directed to the fact that they had been afforded an opportunity to call witnesses prior to the disposition of the rule and to the further fact that the matter had been closed by the order discharging the rule. Subsequently, December 6th, the record, containing the amendment and duly certified by the clerk of the court below and by LEACH, J., as "a full, true and correct record of the case," was filed in this court.

In Harwood v. Bruhn, supra, relied upon by counsel for appellant, the prothonotary of the court below, upon the application of a plaintiff and without the filing of an averment of default, entered a judgment against the defendants under a warrant of attorney contained in a bond. Defendants' rule to strike off the judgment because of the absence of any averment of default was made absolute and plaintiff appealed. Pending the appeal to the Supreme Court and after the certiorari had been filed in the court below, defendants took a rule for security for costs which the court below made absolute. It was held that the effect of a certiorari is to stay further proceedings in the court below and to remove the record of the case into the appellate court, except where the legislature has made a different rule, and that the power of the court below to proceed further with the cause is suspended. Accordingly, the action of the court below, in granting and making absolute the rule for security for costs, was declared erroneous. That case does not rule this one.

Here, no "further proceedings" were taken below. All that was done by the judge who presided at the trial or by the court below was to make the record speak what the trial judge says is the truth. The function of the certiorari is to bring into this court a true and correct record of the proceedings below up to the date upon which it was obtained. When the record is presented to the court below for certification, we know of no principle of law which prohibits that court from directing that an erroneous entry upon its docket be amended to show what actually occurred. We think the assignments challenging the power of the court below to direct that the entry of June 20, 1934, be amended are without merit.

No motion was made to quash the present indictment, but when appellant was called for sentence his counsel moved to arrest judgment "because of the manifest errors in the record appearing, namely; the indictment does not charge any crime or offense either at common law or under any act of assembly of this Commonwealth." The first and second assignments are based upon the denial of this motion and the imposition of the sentence.

Passing by the failure of counsel to assign specific reasons, it may be stated that the general ground upon which they sought to have the judgment arrested was that the indictment does not charge a crime. As stated, this was the first challenge to the sufficiency of the indictment. One of their contentions is that the indictment "merely alleges in general and vague terms that the defendant was an agent, without specifying his capacity." Questions of this nature should have been raised by a motion to quash; such objections are not grounds for arresting judgment after a plea of nolo contendere. Upon this motion, appellant has the burden of showing that when all the averments set forth in the indictment are accepted as true, no crime

is charged. It is there specifically charged that appellant, being an agent for the school district for the collection of delinquent taxes and while acting as such, collected and received moneys due and owing the district as such taxes and fraudulently took, converted and applied them to his own use. Clearly, such acts constitute the crime described in the Act of 1878, supra.

In their statement of the first question alleged to be involved upon this appeal, counsel seem to ignore the cardinal principle that a motion in arrest of judgment must be based upon matters appearing upon the face of the record. It reads: "1. Can an alderman before whom actions of assumpsit were instituted by a school district for the recovery of delinquent school taxes be indicted and sentenced under the Act of 1878, P. L. 196 for fraudulent conversion of school district money charged to have been received by him as an agent for the school district for the collection and receiving of delinquent taxes?"

This record will be searched in vain for even the slightest indication that appellant was an alderman, or that actions were instituted before him for the recovery of delinquent school taxes. Such matters, if true, could be made to appear only by the aid of testimony; we can neither assume nor take judicial notice of them.

Again, it is contended, citing Stone v. School District of Carbondale, 102 Pa. Superior Ct. 60, 156 A. 562, affirmed by the Supreme Court, 306 Pa. 541, 160 A. 221, that appellant cannot properly be convicted of embezzling the moneys specified in the indictment because the school district had no statutory power to appoint an "agent" for the collection of delinquent taxes. We are not here concerned with the question whether appellant could legally collect compensation for his services—the question involved in the case

cited—but rather with his admission, by his plea, that in the collection of the taxes mentioned in the indictment he acted as the "agent" of the school district. The statute under which he was indicted does not differentiate between de jure and de facto agents. Absence of express statutory authority in the school board to make the appointment would not furnish a valid defense to the charge of having embezzled the moneys which appellant admits he received as its agent.

In the next place, it is contended the court below erred in sentencing appellant to the penitentiary and for a period exceeding two years because the punishment upon conviction of the kind of embezzlement charged in this case is still prescribed by Section 121 of the Penal Code of March 31, 1860, P. L. 382, 411, as "imprisonment not exceeding two years, or be fined in any amount not exceeding one thousand dollars, or both, or either, at the discretion of the court." An examination of the applicable legislation convinces us that this contention must be rejected. We hold that the punishment now prescribed for the offense to which appellant entered his plea of nolo contendere is that set forth in Section 5 of the Act of 1878, supra, viz., "a fine not exceeding one thousand dollars, and to undergo an imprisonment by separate or solitary confinement at labor not exceeding six years." For the reasons set out at length in Com. v. Camwell, 89 Pa. Superior Ct. 339, 349, the place of confinement, when Section 121 of the Act of 1860, is applicable, would be the county jail of the county where the conviction took place, as the imprisonment there specified is "simple imprisonment"; but it is equally clear that the imprisonment authorized by Section 5 of the Act of 1878 is imprisonment in a penitentiary. Insofar as this case is concerned, we think Section 121 of the Act of 1860 was amended by Section 5 of the Act of

1878, just as Section 116 of the Penal Code, defining the offense here involved, was amended by Section 1 of the Act of 1878.

One of the divisions of the Penal Code is thus entitled: "Title VII. Offenses against Personal Property." Section 116 under this title defined and punished embezzlement by officers, directors or members "of any bank, or other body corporate or public company"; Section 117, the keeping of fraudulent accounts by such persons; Section 118, the destroying or mutilating of books; and Section 119, the making of false statements. In Com. v. Beamish, 81 Pa. 389, the defendant was indicted as a director and as secretary of the board of directors of "the fourth school district" of the city of Scranton for, inter alia, fraudulently mutilating and falsifying the tax duplicate for a designated year. It was held by the Supreme Court, in an opinion filed May 8, 1876, that Section 118 did not apply to, or include, "municipal corporations," and that a school district is merely a quasi corporation similar to a county or a township. This decision probably furnished one of the reasons for the enactment of the Act of 1878, which added to the classes of persons mentioned in the first part of Section 116, superintendents, managers, receivers, employes, agents, attorneys and brokers, and to the organizations mentioned in that section "municipal or quasi municipal corporations."

The relationship between the Act of 1860 and the supplementary one of 1878 was fully considered by the Supreme Court in Com. v. Bell, 288 Pa. 29, 135 A. 645, and what was there said need not be here repeated. As to the change in punishment, effected by the Act of 1878, it may be noted that some of the sections of the Act of 1860, under the above quoted title, merely provided that any person violating their provisions should be guilty of a misdemeanor but did not

specify the punishment; hence the provision in Section 121, supra, that "every person found guilty of a misdemeanor under either of the preceding sections of this title, wherein the nature and extent of the punishment is not specified, shall be sentenced to an imprisonment not exceeding two years, etc." The introductory sentence of Section 5 of the Act of 1878 is in substantially the same language as that used in Section 121 of the Act of 1860, and the amendment consists in increasing the maximum term of imprisonment from two to six years and in prescribing that it shall be by separate or solitary confinement at labor. We therefore conclude that the sentence from which this appeal was taken was fully authorized by Section 5 of the Act of 1878.

The final contention in behalf of appellant is that Section 1 of the Act of 1878 is unconstitutional under Article III, Section 3, of our state constitution. It is not specifically suggested in the motion to arrest the judgment that the section of the statute under which the indictment was drawn is unconstitutional, nor does any assignment of error indicate that its constitutionality was attacked at any stage of the proceedings below. The learned counsel for appellant argue, however, in their brief that the enlargement of the provisions of Section 116 of the Act of 1860 by Section 1 of the Act of 1878, to which we have referred above, is not indicated with sufficient clearness in the title of the latter act. The title to the Act of 1878 quotes the title of our Penal Code and states that it is supplementary thereto. As said by our Supreme Court in Com. v. Bell, supra, the subject matter of the former statute was "crimes and the liability therefor." The matters dealt with in the supplementary act are germane to that subject. Manifestly, every provision of Section 1 of the Act of 1878 could have been inserted in Section 116 of the Act of 1860 without infringing

any constitutional prohibition. The section of the Act of 1878 held to be constitutional in the Bell case was the sixth, but the reasoning of the opinion seems to apply with equal force to the first.

Upon consideration of the entire record, in the light of the able briefs upon both sides, we have concluded that the order and judgment here involved must be affirmed.

The judgment, sentence and order appealed to No. 53 February Term, 1935, of this court, are affirmed; and it is ordered that the appellant appear in the court below at such time as he may there be called and that he be by that court committed until he has complied with the sentence, or any part thereof which had not been performed at the time the appeal in this case was made a supersedeas.