# In re Perpetual Building & Loan Association

*Sigmund H. Steinberg*, petitioner, p. p.

*Herbert P. Sundheim*, Special Deputy Attorney General, contra.

KALODNER, J., November 8, 1936.—This is a petition for leave to file a claim for legal services nunc pro tunc. Petitioner had no knowledge or actual notice of the liquidation of the building association by the Department of Banking until after the last day for the filing of exceptions to the first account of the Secretary of Banking.

The question presented for our determination is whether in these circumstances petitioner can be allowed to file his claim at this time, and in order to determine that question it is relevant to compare the present statute with the former legislation.

The legislation in force prior to the enactment of the present Banking Code is to be found in section 42 of The Banking Act of June 15, 1923, P. L. 809, and section 18 of the Act of May 5, 1927, P. L. 762, 7 PS §42, which provide:

"No claim other than the claim of a depositor shall be

allowed unless the claimant, or some one for him if he cannot do so, shall, within four months from the date of such notice, [that is, by the secretary to file proof of claim] furnish to the secretary a statement of his claim, together with a copy of any book entries pertaining thereto, or any note or other writing evidencing the same, verified by an affidavit in substantially the following form".

Under this legislation it was uniformly held that a claim not presented within the time fixed is barred from the fund involved in the first account, but may be approved and allowed out of a fund involved in a subsequent account: In re County Trust Co. of Phila., 16 D. & C. 485, where Judge Ferguson refused the allowance of a petition nunc pro tunc. See also In re Chester County Trust Co., 21 D. & C. 360; In re Fraternity Trust Co., 32 Dauph. 350. In Fisher, Commr., v. Agricultural Trust Co., 3 D. & C. 491, it was held that a claim not filed within the four-month period was not entitled to share in the distribution, even though the commissioner had actual knowledge thereof.

The above legislation has been superseded by the Department of Banking Code of May 15, 1933, P. L. 565, sec. 1003, which provides:

"Creditors other than depositors, or in the case of a building and loan association, other than shareholders, *shall not share in any distribution of the assets of the institution,* unless the creditor, or someone for him, shall, within the time specified by the secretary, pursuant to the provisions of this act, present to the secretary a statement of his claim, together with a copy of any book entries pertaining thereto, any note or other instrument received as evidence thereof, and a list of any collateral or agreement of pledge received in connection therewith.

"However, the court may, upon petition and adequate cause shown, permit any creditor to file his claim upon a later date, *but no claim shall in any event be allowed to*

*be filed* after the last day for the filing of exceptions to the first account of the secretary." (Italics supplied.)

It has been said that in interpreting a statute the former law on the same subject, the mischief, and the remedy should be considered so as to get an exact conception of the aim, scope and object of the interpreted statute: Commonwealth v. Mattocks, 115 Pa. Superior Ct. 303. Apparently it was the desire of the legislature in making the change to prohibit participation not only in the first account, but in all subsequent accounts as well, and to fix definitely the last day for filing exceptions to the first account as the limit of time for presenting claims. It was intended to enable the Secretary of Banking to proceed to make distribution on the balance as it stood without constant revision thereafter. It is obvious that the preparation of schedules of distribution in a banking institution entails considerable labor and expense, and to permit claims to be filed after this account is in final shape would so alter the percentages of distribution and the balancing of the account as to cause intolerable delay and confusion in the orderly process of liquidation.

Attention is directed to the unequivocal prohibitory words in the limitation italicized.

"It is a general rule that a statute which is negative or prohibitory . . . or which contains exclusive terms, shows a legislative intent to make the provision mandatory": 59 C. J. 1075, §632.

The identical question has arisen under section 57($n$) of the Federal Bankruptcy Act of July 1, 1898, 30 Stat. at L. 544, as amended May 27, 1926, 44 Stat. at L. 662, which, in language much similar to ours, provides: "Claims shall not be proved against a bankrupt estate subsequent to six months after the adjudication". Under this provision, it has been uniformly held that the fact that a creditor did not receive the required notice, and within the prescribed period had no knowledge of the bankruptcy, does not authorize a proof of claim after the expiration of such period: In re Prindle Pump Co., 10

Am. Bankr. Rep. 405; In re Muskoka Lumber Co., 127 Fed. 886, 11 Am. Bankr. Rep. 761; 2 Collier on Bankruptcy (13th ed.) 1181.

This case is distinguishable from our decision filed on March 10, 1936, in this proceeding, allowing the filing of a claim after the running of the statute. In that matter there was affirmative concealment of the real ownership of the property by the insolvent building and loan association, and the operation of the statute of limitation was held to be suspended during the period of such concealment.

The petition is, therefore, refused.