## Kendzierski v. Home Credit Co., Appellant.

Argued May 2, 1932. Before TREX-LER, P. J., KELLER, GAWTHROP, CUNNINGHAM, BALDRIGE and PARKER, JJ.

*William S. Doty,* and with him *Thomas A. Thornton* of *Doty and Thornton,* for appellant.

*Harry R. Levy,* and with him *Harry J. Appelstein,* for appellee.

OPINION BY PARKER, J., October 10, 1932:

The case of Scheide v. Home Credit Co. in which an opinion has been handed down at this term of court (107 Pa. Superior Ct. 204) involves the same questions of law as those with which we are concerned in this case and is based on a state of facts almost parallel. We will, therefore, not repeat the references to authorities contained in that opinion.

The plaintiff, Blanche Kendzierski, purchased certain merchandise from the Weather Strip Installment Company and gave a note with warrant of attorney in payment thereof. The note was assigned by the payee to the defendant, the Home Credit Co. The full amount of the note was paid to the Home Credit Co. and after such payments had been made, the Home Credit Co. by mistake, entered judgment on the note against Mrs. Kendzierski for a balance of $22. An execution was issued and the property of Mrs. Kendzierski was levied upon and advertised for sale. Thereupon she consulted an attorney who interviewed counsel for the Home Credit Co. and explained to him that payment had been made. Counsel for the Home Credit Co. investigated the facts, consulted with his client and at the request of this plaintiff attorney satisfied the judgment paying the costs.

Sometime later the plaintiff in this action, defendant in the confessed judgment, brought this action against the Home Credit Co. alleging in substance the purchase of the merchandise, the giving of the note, the payment thereof, the subsequent entry of judgment, issuing of execution and levy, and claiming damages for a malicious abuse of legal process. There was not any averment in the statement of claim that the original proceeding had been terminated favorably to the plaintiff in this action or even that the judg-

ment had been satisfied. The facts recited and as developed on trial indicated clearly that the proceeding was one for malicious use of legal process and not for abuse of legal process. As we have pointed out in the case of Scheide v. Home Credit Co. it is necessary in a case for malicious use of legal process to prove that the original proceeding has terminated favorably to the plaintiff in such action. It would likewise follow that it was necessary to aver the facts showing such favorable determination.

The plaintiff having failed to either aver or prove the essential elements of a case of malicious use of legal process, and there being at best a fatal variance between the allegations and proofs, the judgment must be reversed.

The judgment of the lower court is reversed and it is directed that judgment be entered for defendant n. o. v.