Com. of Pa. *v.* Rousch, Appellant.

Argued March 13, 1934.

Before TREXLER, P. J., KELLER, CUNNINGHAM, BALDRIGE, STADTFELD, PARKER and JAMES, JJ.

*Francis J. Walsh,* for appellant.

*Franklin E. Barr,* Assistant District Attorney, and with him *Charles F. Kelley,* District Attorney, for appellee.

OPINION BY BALDRIGE, J., May 7, 1934:

The defendant was secretary and treasurer of the now closed Wharton Title & Trust Company of Philadelphia. He was indicted for having subscribed, in his capacity as treasurer, to false written reports or statements of the financial condition of that company. The case came on for trial, when the following colloquy occurred between the attorney for the appellant and the court:

"Mr. Walsh:

"It is our understanding as counsel that under a plea of nolo contendere the questions of law and the evidence are for your Honor to decide.

"The court:

"I made an exhaustive study of it and made my own compilation. In substance it should not be accepted in serious cases and I do not accept it as a plea of guilty. I sit as a jury and I hear both sides.

"Mr. Walsh:

"That was our understanding, and that any questions of law raised by the evidence would also be decided by your Honor.

"The court:

"Certainly.

"Mr. Walsh:

"With that understanding, if you will arraign the prisoner he will plead."

The defendant was arraigned and pleaded nolo con-

tendere. Evidence was then offered upon the part of both the Commonwealth and the defendant, and, upon its completion, the court said: "The defendant is found guilty as charged in the indictment and sentence deferred until January 2, 1934."

The tendered plea, while not technically a plea of guilty, is so in substance, if accepted: Com. v. Holstine, 132 Pa. 357, 361, 19 A. 273. Mr. Justice PAXSON, in Buck v. Com., 107 Pa. 486, 489, stated that the plea of nolo contendere is "a mild form of pleading guilty," but it has the same effect so far as concerns the proceedings upon the indictment. In Com. v. Ferguson, 44 Pa. Superior Ct. 626, 628, Judge RICE held that such a plea is an implied confession of guilt only, and can not be used as an admission in any civil suit for the same cause. "The judgment of conviction follows upon such plea as well as upon a plea of guilty. But there is a difference between the two pleas in that the defendant can not plead nolo contendere without the leave of the court. If such plea is tendered, the court may accept or decline it in its discretion." See, also, Hudson v. U. S., 272 U. S. 451, 71 L. Ed. 347.

If the judge, therefore, had accepted the plea, there would have been a judgment of conviction as upon a plea of guilty; then there would have remained only the imposition of the sentence. Of course, the court could have, in that event, with entire propriety, inquired into the facts in order to determine the extent of the sentence to be imposed. But the plea seems to have been accepted by the judge, not unqualifiedly, but subject to his right to consider and determine the facts and any questions of law. The judge then, sitting without a jury, after hearing the evidence, found the defendant guilty. The appellant was thus deprived of excepting to a charge of the trial judge, to the admission or rejection of evidence, etc., as was his right

if the case had been tried before a properly consti-
tuted criminal court; and there was no verdict of a
jury, to which he was entitled.

When a plea of nolo contendere is entered and ac-
cepted, it is not the province of the judge to adjudge
the defendant guilty or not guilty. Evidence is heard
only to aid the judge in fixing the sentence. If, after
hearing evidence, the judge feels that it establishes the
innocence of the defendant, he should advise the de-
fendant to withdraw his plea of nolo contendere and
stand a jury trial; just as in the case of a plea of
guilty, which the judge, after hearing evidence, is
satisfied was erroneously entered. The law contem-
plates a trial by jury and not by a judge alone, as,
under our method of administering justice, a jury is
an essential part of the court in a criminal case: Mills
v. Com., 13 Pa. 627, 629. Article 1, section 6, of our
Constitution provides that ''Trial by jury shall be as
heretofore, and the right thereof remain inviolate;''
section 9 states that ''the accused hath a right ......
in prosecutions by indictment ...... [to] a speedy
public trial by an impartial jury.''

In Com. v. Hall, 291 Pa. 341, 355, 140 A. 626, the
defendant, after pleading not guilty, expressly waived
a trial by jury, and moved the court to determine the
issues of fact and law involved. The former Mr. Chief
Justice von MOSCHZISKER, discussing, in an exhaustive
opinion, the right of a defendant in a criminal case
to waive a trial by jury, said: ''Here, the court of
quarter sessions acted without a jury at a time and
on an occasion when the law, as evidenced by the estab-
lished custom and public policy of the State, required
it to act with a jury; as thus constituted, it lacked
jurisdiction ...... and this deficiency in power could
not be cured by any waiver on the part of defendant.''

The trial judge could not assume or accept the au-
thority attempted to be given him to ''sit as a jury

and hear both sides," to find the defendant guilty on the law and the facts, and impose sentence, not on the plea, but on his findings. As there seems to have been a mutual misunderstanding between counsel and the trial judge as to his jurisdiction, and as the plea of nolo contendere was not accepted without qualification, this case must be returned for a trial in accordance with law, viz: trial by a jury unless a plea is entered and accepted. The defendant will, of course, not be prejudiced by the unaccepted plea.

As the case must go back for retrial, it seems advisable to state briefly that we find no merit in the other questions raised by appellant.

If the case had been properly submitted to a jury, we think there is no question but that the facts would have supported a verdict of guilty. Under the Act of May 8, 1907, P. L. 180, §1 (18 PS §2633), "Every director, officer ...... of any bank, trust company ...... who wilfully and knowingly makes any false statements of facts, or false entries, in the books of such bank, trust company ......; or knowingly subscribes or exhibits any false papers, with intent to deceive any person authorized to examine as to the condition of such bank, trust company ......; or wilfully or knowingly subscribes to or makes any false report, shall be guilty of a misdemeanor"; and the Act of April 23, 1909, P. L. 169, §1, as amended by the Act of April 16, 1929, P. L. 524, §1 (18 PS §2516), provides: "Any [officer of any bank or trust company] ...... who shall make any false entry in any book, report, or statement of such institution, with intent in either case ...... to deceive any ...... bank examiner or other person legally authorized to examine the affairs of any such institution ...... shall be deemed guilty of a misdemeanor." It was under these statutes that the appellant was indicted.

The appellant contends that section 15 of the Act of

May 21, 1919, P. L. 209 (repealed by section 52 of the Act of June 15, 1923, P. L. 809, but reenacted by section 15 of that act (7 PS §15), requires that all banks and trust companies shall render a report to the Department of Banking two to five times a year, in the form and manner prescribed by general regulation of the department, to be verified by the oath or affirmation of an officer and attested as correct by the signatures of at least three of the directors; and that as the reports in this case were not taken under oath or attested by directors, conviction could not be sustained. We agree with the learned court below that the Acts of 1907 and 1909 were not repealed by the Act of 1919 or 1923. It is still an indictable offense under the law invoked by the Commonwealth for an officer of a bank wilfully or knowingly to make false reports or entries, notwithstanding they have not been sworn to or attested by directors, if there is an intent to deceive a bank examiner or other person legally authorized to examine the affairs of a bank or trust company.

The judgment of the lower court is reversed, and a new trial is ordered.