## Ferguson, Appellant, *v.* Reinhart.

Argued October 30, 1936.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, JAMES and RHODES, JJ.

*Walter Thomas,* with him *Albert L. Moise,* for appellant.

*Morton Z. Paul,* for appellee.

OPINION BY STADTFELD, J., January 29, 1937:

This was an action for malicious prosecution. Plaintiff, with one Fillipino, procured from the defendant, a radio receiving set on a bailment lease which was signed by both the plaintiff and the said Fillipino. After default in the performance of the terms of the lease, and failing to regain possession of the radio set which had been left in the possession of the plaintiff, after the disappearance of the said Fillipino, defendant had a warrant issued for the arrest of the plaintiff on a charge of larceny by bailee and fraudulent conversion. Plaintiff was arrested, held for court by the magistrate, and an indictment preferred against plaintiff, charging her with the crimes aforesaid. On the date fixed for trial, plaintiff pleaded nolo contendere, whereupon the trial judge, BONNIWELL, made the following entry on the back of the indictment: "9/15/33. The defendant being arraigned, plead nolo contendere. Dist. Atty. sim. et issue. After hearing case, defendant not guilty. Com. pay costs."

Thereupon this action followed. The same came on for trial before MILLAR, J., and a jury. The testimony on behalf of plaintiff was to the effect that before the warrant was issued for plaintiff's arrest a suit had

been brought by the defendant against plaintiff, Martha L. Ferguson, an alleged guarantor or surety under the bailment lease, for the recovery of the amount alleged to be due on the radio and judgment entered against her; that an execution had been issued thereon and returned nulla bona; that before the arrest was made the defendant's agent had threatened the plaintiff with arrest if she did not pay the amount of the judgment to defendant, and that defendant issued the warrant for the purpose of compelling plaintiff to surrender the radio or pay for it. The plaintiff testified that she had returned the radio to one of the agents of the defendant.

On behalf of defendant, Harry B. Reinhart, it appeared that when the installments under the bailment lease were not paid, demands were made of Mrs. Ferguson. She ignored them, and failed and refused to return the radio set. Defendant then investigated Mrs. Ferguson, and found that her statement on the bailment lease that she owned the hotel where the radio set was delivered was false. A Mr. Kunkle of the State Protective Bureau, a collection organization in whose hands defendant had placed the claim, reported to defendant after investigation, "There was every indication they were trying to steal the radio."

At the trial of this case defendant submitted a point for binding instructions, which was refused, and the case submitted to the jury. A verdict was rendered in favor of plaintiff for $500, whereupon the defendant filed his motion for judgment n. o. v. This motion was granted in a Per Curiam opinion.

The assignments of error relate to the entry of judgment n. o. v. and to rulings on evidence. At the trial, plaintiff offered in evidence "that part of the indictment that appears on the indictment with the exception of the plea of nolo contendere." The objection to the offer was sustained by the court unless the entire

indictment was offered in evidence. This action of the trial judge is assigned for error.

In justification of its ruling, we quote from the opinion of the lower court: "In our opinion such a plea (nolo contendere) being in form a guilty plea and having the same effect as a guilty plea, negatives want of probable cause, as the plaintiff confessed her guilt, thereby admitting probable cause for the issuance of the warrant. The burden was upon the plaintiff in the presentation of her case to show want of probable cause to sustain her action. This being negatived by her plea, defendant's point for binding instructions should have been affirmed, and it follows that defendant's present motion for judgment n. o. v. must be granted.

"Plaintiff contends, however, that notwithstanding defendant's plea, the plea amounted to nothing until accepted by the Court, and there is nothing in the record which discloses that the plea' was accepted. The answer to that is that the Court either accepted the plea or declined it. If the latter then the criminal proceedings have not been concluded and the plaintiff could not maintain this action unless she proved, among other things, that the criminal prosecution against her was terminated in her favor. If, on the other hand, the Court accepted the plea it was impossible to adjudge the defendant not guilty because the plea had the effect of admitting guilt, and consequently there was an admission of probable cause. Whatever action the Trial Judge took on the plea the plaintiff is not now in a position to repudiate her admission of guilt, which amounts to proof of probable cause." With this position we are in accord.

In *Altman v. Standard Refrigerator Co.*, 315 Pa. 465, 173 A. 411, where the principles governing actions for malicious prosecutions, following a long line of similar cases, are fully set forth in a comprehensive opinion by Mr. Justice MAXEY, who said, at pp. 477,

478: "Wigmore in volume 2 of Select Cases on the Law of Torts (1912 edition), at page 897, section 309, says that a defendant is excused in an action for malicious prosecution when any one of the following conditions is fulfilled: 'either (a) the plaintiff was in fact guilty of the wrong as charged (just cause); or, (b) the defendant (in the civil case) believed and had probable ground to believe the defendant (in the criminal case) guilty (just cause); or (c) the defendant resorted to legal process for the purpose of securing justice upon the plaintiff, and not primarily to gratify personal malice or spite.' In section 310, he says: 'The defendant has not the burden of pleading and proving the existence of any one of the three facts which thus afford him excuses; the plaintiff has the burden of proving and pleading the nonexistence of all of the three; i.e., the circumstance that the defendant resorted to legal process is of itself an excuse which protects him, *unless the plaintiff proves that no one of the three additional facts existed.*' (Italics supplied.)" Also, at p. 477: "The mere fact of the acquittal of a defendant upon the trial of a criminal charge is not prima facie evidence in an action for malicious prosecution of the want of probable cause for the prosecution:" 18 R. C. L. Section 23, p. 40. To same effect see *Crescent City Live-Stock Co. v. Butchers' Union Slaughter-House Co.,* 120 U. S. 141; *Stewart v. Sonneborn,* 98 U. S. 187.

As to what constitutes probable cause is set forth in *Taylor v. American International Shipbuilding Corp.,* 275 Pa. 229, 119 A. 130, at p. 231: "Probable cause is a reasonable belief in known or reported circumstances, sufficiently inculpatory, and adequate to justify a prudent man in acting as prosecutor of a crime against the accused. It does not depend on guilt, or the actual existence of the reported facts, but is based on an honest and reasonable belief in their existence. ......
(p. 232) *The jury is not at liberty* to find a fact without

evidence, *and if all the admitted facts on both sides amount to probable cause, the court should direct a verdict for defendant, even if malice is clearly proven: Roessing v. Pittsburgh Rys. Co.,* [226 Pa. 523] supra, p. 526." (Italics supplied.)

As to the effect of the plea of nolo contendere we have an elaborate discussion in the opinion in *Teslovich et ux. v. Fireman's F. Ins. Co.,* 110 Pa. Superior Ct., 245, 168 A. 354, from which we quote, at p. 252: " 'Although the great majority of the citations which we have made are of dicta of text writers and judges, and we have not found many instances of actual decisions upon the question in civil actions, it appears that the consensus of professional and judicial opinion so strongly supports the view expressed by RICE, P. J., in the case first above cited (*Com. v. Ferguson,* 44 Pa. Superior Ct. 626, 628), to the effect that the plea of nolo contendere amounts only to an implied confession, and is the equivalent of a plea of guilty, 'in its effect upon the case,' and 'cannot be used *against the defendant* in any civil suit for the same act,' that in our opinion we should follow that statement, notwithstanding its character as an obiter dictum.' " (Italics supplied). See also *Com. of Pa. v. Rousch,* 113 Pa. Superior Ct. 182, 172 A. 484, in which this court held that such a plea is a mild form of pleading guilty. Quoting from the opinion in that case by our Brother BALDRIGE, at p. 185: "When a plea of nolo contendere is entered and accepted, it is not the province of the judge to adjudge the defendant guilty or not guilty. Evidence is heard only to aid the judge in fixing the sentence. If, after hearing evidence, the judge feels that it establishes the innocence of the defendant, he should advise the defendant to withdraw his plea of nolo contendere and stand a jury trial; just as in the case of a plea of guilty, which the judge, after hearing evidence, is satisfied was erroneously entered. The law contemplates

a trial by jury and not by a judge alone, as, under our method of administering justice, a jury is an essential part of the court in a criminal case: *Mills v. Com.,* 13 Pa. 627, 629."

As stated in the opinion of the lower court: *"That offer was by the plaintiff herself* and was objected to unless the entire indictment was offered; the objection was sustained and an exception noted for the plaintiff. ...... If the ruling was proper, then there is no proof in the record of the successful termination of the criminal prosecution, which is one of the three elements necessary to sustain plaintiff's action." (Italics supplied). See also *Beadle v. Friel,* 320 Pa. 560, 565, 183, A. 761, wherein Mr. Justice MAXEY quotes approvingly from the opinion of Mr. Justice SHARSWOOD in *Mayer v. Walter,* 64 Pa. 283, as follows, at p. 565; "As every man has a legal power to prosecute his claims in a court of law and justice, no matter by what motives of malice he may be actuated in doing so, it is necessary in this class of cases to aver and prove that he has acted not only maliciously, but without reasonable or probable cause. *It is clearly settled also, that the proceeding must be determined finally before any action lies for the injury* (Italics supplied)."

The effect of the cases cited by appellant is that the plea cannot be offered as an admission *against* the defendant, in a civil case for the same cause. If the admission of the indictment would be proper in its entirety, it would negative the want of probable cause. Either horn of the dilemma would not be helpful to appellant.

The assignments of error are overruled and judgment affirmed.

JAMES, J. dissents.