## Smoker, Appellant, *v.* Ohl et al.

Argued May 15, 1939.   Before SCHAFFER, MAXEY, DREW, LINN, STERN and BARNES, JJ.

*O. R. Moyle,* with him *Conrad A. Falvello, Rocco C. Falvello, Charles M. Bowman* and *Ralph R. John,* for appellant.

*Hervey B. Smith,* for appellees, was not heard.

PER CURIAM, June 19, 1939:

This is an appeal from the order of the court below refusing plaintiff's motion for a new trial and judgment n. o. v. and ordering judgment to be entered on the verdict for defendants.   The action is for false arrest and imprisonment.   The defendants are the magistrate and chief of police of the town of Bloomsburg.   Plaintiff was arrested on view by the chief of police for selling certain publications in violation of a town ordinance. He was taken before the magistrate, given an immediate hearing and found guilty of violating the ordinance. The conviction and the resulting sentence were not appealed.   Not having appealed from the judgment rendered against him, he cannot maintain the action: *Perry v. Penna. R. R. Co.,* 41 Pa. Superior Ct. 591.   There it was held that a conviction is a complete bar to such an action, the court saying (p. 606): "The wrong

charged in the statement, upon this branch of the case, and attempted to be established by the evidence, was false imprisonment. While an action for false imprisonment is not in some respects analogous to an action for malicious prosecution, there can be no question that in such action proof by the defendant that the imprisonment was by authority of law is a complete defense. . . . The evidence in this case established that the officer who made the arrest having preferred the charge of disorderly conduct, the defendant (this plaintiff) was, at a regular hearing before a magistrate having jurisdiction of the offense and of his person, adjudged guilty and fined, he paid the fine and costs, and made no attempt to appeal from or reverse the conviction. . . . It may be here observed that the arrest of the defendant, the charge against him and the prosecution terminated in a final judgment of conviction, by a tribunal having jurisdiction of the offense; the defendant, this plaintiff, permitted the judgment to become thus final, upon the question there involved. . . . it follows, therefore, that the court below was right in instructing the jury that the plaintiff was not entitled to recover damages for his arrest and detention."

In the case of actions for malicious prosecution and for malicious abuse of process, the rule is well established that one of the necessary prerequisites to such a suit is that the previous prosecution terminated favorably to the plaintiff: *Mayer v. Walter*, 64 Pa. 283; *Stinson v. Smith*, 329 Pa. 177, 196 A. 843; *Scheide v. Home Credit Co.*, 107 Pa. Superior Ct. 204, 162 A. 321; *Kendzierski v. Home Credit Co.*, 107 Pa. Superior Ct. 213, 162 A. 324; *Ferguson v. Reinhart*, 125 Pa. Superior Ct. 154, 190 A. 153.

Judgment affirmed.