## Commonwealth ex rel. Warner, Appellant, v. Warner.

Argued December 14, 1944. Before KELLER, P. J.,

466

BALDRIGE, RHODES, HIRT and RENO, JJ. (JAMES, J., absent).

*Francis T. Anderson,* with him *William A. Gray* and *Wright, Mauck & Hawes,* for appellant.

*George H. Detweiler,* for appellee.

OPINION BY KELLER, P. J.:

After a careful reading of the evidence in this case, and having due regard for the best interests of the two small children concerned—a girl eight years old and a boy five years old—we are in general accord with the action of the court below in leaving the children, for the present, in the custody of their father, pending the determination of the divorce action in the Court of Common Pleas No. 6 of Philadelphia County.

For this reason, conformably with the court below, we do not now pass upon the question whether either or both of the parties committed adultery. However, we agree with the appellant's counsel that the plea of nolo contendere, entered by her in the proceedings in New Jersey, should not be considered in arriving at a determination of the case.

"A plea of nolo contendere, when accepted by the court, is, in its effect upon the case, equivalent to a plea of guilty. It is an *implied* confession of guilt only and cannot be used against the defendant as an admission in any civil suit for the same act." Such was the state-

ment of President Judge RICE, speaking for this court in *Com. v. Ferguson*, 44 Pa. Superior Ct. 626, 628, the leading case in this Commonwealth. Sentence may be imposed upon such plea as well as upon a plea of guilty. *Ibid.* We have consistently followed that case ever since. See *Teslovich v. Fireman's Fund Ins. Co.*, 110 Pa. Superior Ct. 245, 168 A. 354, where the record of such a plea in a prosecution for arson was held to have been properly excluded in an action of assumpsit on a policy of fire insurance covering the property destroyed by fire; *Com. v. Rousch*, 113 Pa. Superior Ct. 182, 172 A. 484; *Com. v. Smith*, 116 Pa. Superior Ct. 134, 177 A. 68; *Ferguson v. Reinhart*, 125 Pa. Superior Ct. 154, 159, 160, 190 A. 153; *Com. v. Smith*, 151 Pa. Superior Ct. 113, 130, 131, 30 A. 2d 339.

The court below decided that the mother should "have the right and ...... be given the opportunity of visiting the children at their father's home, or such other place as may be agreed upon by the father and mother, every Sunday afternoon, between the hours of three and five P. M. During such visits the mother shall be given an opportunity of seeing her children alone." In our view the order does not go far enough. The mother should be allowed to *have* the children *for an afternoon every week*—either Saturday or Sunday, whichever is more convenient to the mother, who is now employed—and should have them away from the home of the father and apart from his supervision or authority—that is, free from any interference or control by him, or by any agent or officer employed by him. The animosity of the father towards the mother is such that no agreement can likely be arrived at between them as to the place for such a meeting. Hence the court should designate a place reasonably convenient to both parties, and the children should be brought there and left there so that the mother and the maternal grandparents, or either of them, can see and be with them, and opportunity be

given that the affection of the children for their mother and maternal grandparents be not lost, destroyed or injuriously affected.

If the court below is of the opinion that there is reasonable ground to fear that the children will be taken out of the Commonwealth, it may require a reasonable bond, not exceeding one thousand dollars, to be given, conditioned against such action on the part of the mother.

We do not deem it necessary to set forth in detail our reasons for thus modifying and extending the order of the court, beyond stating that we are still in accord with the view expressed by us in *Com. ex rel. Parker v. Parker*, 110 Pa. Superior Ct. 287, 291, 168 A. 364, a case in some measure resembling this one, where we adopted the following excerpt from the opinion of the court below: "Experience has proven that where husband and wife are estranged and antagonistic, visits by one to the home of the other almost invariably result in further trouble. This respondent and his family are especially intolerant and uncharitable toward relator [relatrix], and under all of the circumstances we concluded that the best interests of the children required that they have free intimacy with their mother on the occasion of her visits. Our judgment was, and is, that any visit by relator [relatrix] to respondent's home would have been absolutely futile, so far as bringing happiness to either the children or their mother was concerned."

The order, as thus modified and enlarged, is affirmed. Each party to pay his or her own costs.

PER CURIAM, January 25, 1945:
The foregoing opinion had been prepared by President Judge KELLER before his death on January 16, 1945. It is now adopted and filed as the opinion of the Court.