Commonwealth ex rel. Warner, Appellant, v.
Warner, Appellant.

Argued October 9, 1947. Before RHODES, P. J., HIRT,
RENO, DITHRICH, ROSS, ARNOLD and FINE, JJ.

*Francis T. Anderson,* with him *Federico R. Mauck*
and *William A. Gray,* for appellant in No. 152 and for
appellee in No. 228.

*George H. Detweiler,* with him *Robert A. Detweiler* and *Elmer L. Menges,* for appellee in No. 152 and appellant in No. 228.

OPINION BY FINE, J., March 16, 1948:

This is a habeas corpus proceeding for custody of a daughter, age 11, and a son, age 8. The mother, appellant in appeal No. 152, October Term, 1946, complains of a decree awarding primary custody to the father. The father, appellant in appeal No. 228, October Term, 1947, contends that the court below abused its discretion in enlarging custodial rights of the mother.

The original petition for a writ of habeas corpus was filed by the mother on June 9, 1944. The decree of the court below was appealed to this Court and on January 25, 1945, we modified and enlarged the mother's rights of visitation.[1] On June 6, 1945, the mother petitioned for a revision of the order entered in 156 Pa. Superior Ct. 465, 40 A. 2d 886. After hearing, the court below, on April 30, 1946, revised its prior order, further committing the children to the custodial care of the father but extending the hours of temporary custody of the mother to the last weekend of each month beginning on Saturday morning and ending Sunday evening, and on Christmas holidays every other year beginning the day before Christmas and ending the day after New Year. The court below also awarded sole custody to the mother for one month of each year beginning on the Monday following the closing of their school for the summer vacation. The mother appealed from that decree but before argument and upon the mother's petition, this Court remitted the record to the court below for further proceedings ". . . for the purpose of enabling the parties to produce evidence of change of circumstances", and continued the pending appeal until such proceedings had been completed. On March 13, 1947, this hearing was held and a

---

[1] *Commonwealth ex rel. Warner v. Warner,* 156 Pa. Superior Ct. 465, 40 A. 2d 886.

further order was entered on May 14, 1947, modifying the prior order of April 30, 1946, by awarding custody to the mother "every other week-end" instead of "the last weekend of each month." The father filed his appeal from this decree.

The facts are sufficiently recited in our former opinion in this case and no useful purpose will be served by reviewing in detail the testimony adduced at the respective hearings. Following the disposition of the previous appeal in this Court, the parties were divorced and on July 10, 1945, the mother presented her petition for a revision of the order, alleging as changed circumstances, —the divorce and her contemplated remarriage, which took place on October 4, 1945. Hearings were held resulting in the revised order of April 30, 1946, hereinabove summarized. From that revised order the mother appealed, and while the appeal was pending the father remarried, which changed circumstance prompted her to petition this Court and secure the remission of the record. There was further modification of the order from which, in its final form, we have these two appeals.

We have made an independent examination of all the testimony, as we are required to do by the Act of July 11, 1917, P. L. 817, 12 PS §1874, and are persuaded that the appeal of the mother must be dismissed and the appeal of the father sustained only insofar as he has not been accorded custody of the children for an uninterrupted summer vacation month similar to that awarded to the mother.

The learned court below properly construed the order of this Court remitting the record, took additional testimony and thereupon reviewed its "latest order in the light of the changed circumstances". In its analysis of all the evidence it committed no error in again awarding primary custody to the father. The testimony reveals that the home of the father, in the Philadelphia suburbs, affords the children excellent surroundings, fine schools, churches, and other facilities. The father has

been meeting the responsibility for the support of his children commendably. The court below found the children well-mannered, intelligent and well-bred, resulting from a pleasant and congenial home life. We feel as the learned court below felt that: "To take these children, who have such a pronounced preference for their father, from him, would smack of cruelty."

We are constrained, however, to modify the order of the court below by affording to the father custody of the children, uninterruptedly, for a summer vacation month. This will give to each parent the opportunity to extend to the children a month's vacation and companionship without interference or interruption from the other.

Appeal No. 152, October Term, 1946, is dismissed; appeal No. 228, October Term, 1947, is sustained only insofar as necessary to afford the father custody of the children for an uninterrupted summer vacation month. In all other respects, the order of the court below is affirmed; each party to pay their respective costs.