## STATE v. JOHN ROBERT BARBOUR.

(Filed 14 December, 1955.)

**1. Criminal Law § 17c—**

　　A plea of *nolo contendere* is not open to the defendant as a matter of right, but may be accepted by the court as a matter of grace.

**2. Same—**

　　A plea of *nolo contendere* is equivalent to a plea of guilty for the purpose of entering judgment in the particular case.

**3. Same—**

　　Upon acceptance of a plea of *nolo contendere* to a valid warrant or indictment, nothing is left for the court but the imposition of judgment, and while the court may hear evidence to aid it in determining the punishment, if such evidence makes it appear that defendant is not guilty, the court should advise him to withdraw his plea, and it is error for the court to find the defendant guilty for part of the offenses charged and not guilty of part.

**4. Criminal Law § 83—**

　　Where the record discloses that the defendant entered a plea of *nolo contendere* and that the court, without the intervention of a jury, found defendant guilty of part of the offenses charged and not guilty of part, and imposed sentence "on the verdict," the record does not support the judgment, and the judgment must be vacated and the cause remanded for imposition of sentence upon the plea.

APPEAL by defendant from *Huskins, Special Judge,* February Term 1955 of JOHNSTON.

Criminal prosecution upon a warrant, issued by a justice of the peace, and returnable before the Recorder's Court of the county, charging the defendant with assaulting his wife with his fist and a chair, and with attempting to shoot her with a shotgun, while drunk and disorderly.

In the Recorder's Court, the defendant entered a plea of *nolo contendere,* and from the judgment imposed appealed to the Superior Court. In the Superior Court, the defendant also entered a plea of *nolo contendere.* Then the record states, in this case in which the defendant "has pleaded *nolo contendere,* the Court finds the defendant guilty of an assault on a female with his fist and a chair, and not guilty of an assault with a gun." The record further states "the judgment on the verdict is that the defendant be confined in the common jail of the county for a term of two years, and assigned to perform labor under the supervision of the State Highway and Public Works Commission."

Defendant appeals, assigning error.

*William B. Rodman, Jr., Attorney General, and Claude L. Love, Assistant Attorney General, for the State.*
*E. J. Wellons for Defendant, Appellant.*

PARKER, J. This is the defendant's sole assignment of error: the Court erred in imposing a sentence in excess of the punishment permitted by G.S. 14-33.

However, at the threshold of our consideration of this appeal we are confronted with the acts of the Court, upon the defendant's plea of *nolo contendere,* in finding the defendant guilty of a part of the offenses charged, and not guilty of another part, and in imposing judgment "on the verdict."

In this jurisdiction pleas of *nolo contendere* have been accepted for many years. The acceptance by the Court of such a plea, and its entry in the Minutes of the Court, is a matter of grace: it is not a plea open to the defendant as a matter of right. In this jurisdiction, and apparently in all the State and Federal Courts where such a plea is allowed, a plea of *nolo contendere* to a warrant or an indictment, good in form and substance, when accepted by the Court, becomes an implied confession of guilt, and for the purposes of that case only is equivalent to a plea of guilty. *Fox v. Scheidt,* 241 N.C. 31, 84 S.E. 2d 259; *Winesett v. Scheidt,* 239 N.C. 190, 79 S.E. 2d 501; *S. v. McIntyre,* 238 N.C. 305, 77 S.E. 2d 698; *S. v. Cooper,* 238 N.C. 241, 77 S.E. 2d 695; *S. v. Thomas,* 236 N.C. 196, 72 S.E. 2d 525; *S. v. Burnett,* 174 N.C. 796, 93 S.E. 473, L.R.A. 1918A 955; *Hudson v. U. S.,* 272 U.S. 451, 71 L. Ed. 347; Anno.

152 A.L.R., p. 273 *et seq.;* 22 C.J.S., Crim. Law, Sec. 425; 14 Am. Jur., Crim. Law, p. 954; *Nolo Contendere:* Its Nature and Implications, 51 Yale Law Journal 1256-7.

"It" (a plea of *nolo contendere*) "authorizes judgment as upon conviction by verdict or plea of guilty." *Winesett v. Scheidt, supra.* This seems to be universally held.  *S. v. Burnett, supra.*

When a plea of *nolo contendere* has been accepted by the Court, and as long as it stands, it is not within the province of the Court to adjudge the defendant guilty or not guilty.  *S. v. Thomas, supra; Com. v. Rousch,* 113 Pa. Super. 182, 172 A. 484; *Ferguson v. Reinhart,* 125 Pa. Super. 154, 190 A. 153; *S. v. Herlihy,* 102 Me. 310, 66 A. 643; *Crowley v. U. S.,* 113 F. 2d 334, 338; 14 Am. Jur., Crim. Law, p. 954; 22 C.J.S., Crim. Law, p. 660.

In *U. S. v. Norris,* 281 U.S. 619, 74 L. Ed. 1076, it is said: "After the plea" (referring to a plea of *nolo contendere*), "nothing is left but to render judgment, for the obvious reason that in the face of the plea no issue of fact exists, and none can be made while the plea remains of record."

It is not necessary that the Court should adjudge that the defendant is guilty, for that follows by necessary legal inference, since a plea of *nolo contendere,* when accepted by the Court, becomes an implied confession of guilt for the purposes of that particular case.  *S. v. Burnett, supra; Com. v. Ingersoll,* 145 Mass. 381, 14 N.E. 449; *S. v. Herlihy, supra;* Anno. 41 L.R.A. (N.S.) 72.

The judge can hear evidence only to aid him in fixing punishment. *S. v. Thomas, supra; S. v. Burnett, supra; Com. v. Rousch, supra;* 51 Yale Law Journal 1257; 22 C.J.S., Crim. Law, p. 660.

If, after hearing evidence to aid the Court in determining the sentence to be imposed, it appears that the defendant is not guilty, the Court may advise him to withdraw his plea of *nolo contendere,* and stand a jury trial.  It would be improper to adjudge the defendant not guilty. The law contemplates a trial of an issue of fact by a jury, and not by a judge alone, and such has been the understandings of all generations of men who have lived under the common law.  *Com. v. Rousch, supra; Ferguson v. Reinhart, supra;* 22 C.J.S., Crim. Law, p. 660.  See *S. v. Barley,* 240 N.C. 253, 81 S.E. 2d 772.

It was error for the Trial Judge to find the defendant guilty of part of the offenses charged, and not guilty of part of the offenses charged. That leaves the plea of *nolo contendere* standing for the imposition of sentence thereupon.

Yet the Court did not impose sentence upon the plea of *nolo contendere,* but "on the verdict."  There was no jury trial.  The record does not support the judgment.  The judgment below will be vacated, and

the case remanded for imposition of sentence upon the defendant's plea of *nolo contendere.* However, if the defendant contends that he is not guilty of any part, or of all, of the offenses charged in the warrant, the lower court should permit him to withdraw his plea, and carry his case to the jury.

Reversed and remanded.