KREIDER, P. J.,
— Plaintiffs are Hershey Estates, a business corporation, and various individual lot owners whose land is subject to certain building restrictions previously imposed by Hershey Estates when it owned a large tract which was later subdivided into residential building lots and sold to purchasers, including defendants. Plaintiffs’ complaint in equity seeks to restrain defendants, Sydney P. Magriney and Joan M. Magriney, his wife, from erecting and maintaining a dental office on their premises and from making any business use of the same. Defendants filed an answer and subsequently an amended answer containing new matter and a counterclaim. Plaintiffs thereafter filed the preliminary objections which are now before us to the allegations in paragraph 34 of defendants’ amended answer under the heading “New Matter” and also to defendants’ counterclaim.
The complaint, as stated, is based upon defendants’ alleged violation of restrictive covenants and conditions running with the land. It avers that following the refusal by Hershey Estates of a request to use their premises as a combination residence and dental office, defendants commenced the construction of an addition to their residence for that purpose at 345 Beech Avenue, Hershey, Derry Township, Dauphin County, Pa.
The complaint avers that defendants knew and were repeatedly advised before they purchased the premises that the same were subject to said restrictive covenants and conditions, that Hershey Estates would not release the premises from the same and that the use of said premises as dental offices was objectionable to it. Defendants’ deed expressly states that they took title “under and subject to the covenants and restrictions as recorded” in the deed of their grantor.
*572 In their new matter, defendants aver there is no prohibition against use of their premises as professional offices and that 11 such offices have been operating for a period of years without objection by plaintiffs.
One of plaintiffs’ preliminary objections is directed to paragraph 34 of defendants’ amended new matter, which is as follows:
“34. Defendants aver that the Plaintiffs have acted in an arbitrary, discriminatory, capricious and vindictive manner toward the Defendants, in- that they have committed a malicious abuse of process by attempting to prevent the Defendants from performing their professional work, depriving them of their livelihood in bringing an equitable action with full knowledge of the nature and character of the premises surrounding the Defendants’ residence.”
This paragraph, as above stated, charges that plaintiffs “have committed a malicious abuse of process” in bringing this action in equity. Rule 1030 of the Pennsylvania Rules of Civil Procedure provides:
“All affirmative defenses, including but not limited to the defenses of accord and satisfaction, arbitration and award, discharge in bankruptcy, duress, estoppel, failure of consideration, fraud, illegality, immunity from suit, impossibility of performance, laches, license, payment, release, res judicata and waiver, and, unless previously raised by demurrer and sustained, the defenses of statute of frauds and statute of limitations, shall be pleaded in a responsive pleading under the heading 'New Matter.’ A party may set forth as new matter any other material facts which are not merely denials of the averments of the preceding pleading.”
We are of the opinion that paragraph 34 of defendants’ new matter does not set forth an affirmative *573 defense as contemplated by Pa. R. C. P. 1030 and that it does not aver any facts material to the issues before the court in this proceeding. This is readily apparent, since the question whether or not plaintiffs have committed a “malicious abuse of process” by bringing the present action in equity may not be adjudicated in connection with the same proceeding in which the alleged malicious abuse of process occurred.
In Smoker v. Ohl et al., 335 Pa. 270 (1939), the Supreme Court in a per curiam opinion, said, page 272:
“In the case of actions for malicious prosecution and malicious abuse of process, the rule is well established that one of the necessary prerequisites to such a suit is that the previous prosecution terminated favorably to the plaintiff: Mayer v. Walter, 64 Pa. 283; Stinson v. Smith, 329 Pa. 177, 196 A. 843; Scheide v. Home Credit Co., 107 Pa. Superior Ct. 204, 162 A. 321; Kendzierski v. Home Credit Co., 107 Pa. Superior Ct. 213, 162 A. 324; Ferguson v. Reinhart, 125 Pa. Superior Ct. 154, 190 A. 153.” See also Publix Drug Co. v. Breyer Ice Cream Co., 347 Pa. 346 (1943).
Plaintiffs’ prehminary objection in regard to paragraph 34 of defendants’ new matter must be sustained.
DEFENDANTS’ AMENDED COUNTERCLAIM
Paragraph 35 of the counterclaim avers, in part:
“The defendants allege that the plaintiffs have committed malicious abuse of process in bringing this action, which is arbitrary, discriminatory, capricious and vindictive, which has resulted in Defendants’ loss of business, professional embarrassment, legal and medical expenses, in that: . . .”
The counterclaim alleges that by reason of the action of plaintiffs, each of defendants suffered loss of *574 weight, nervousness and sleeplessness from the inception of this action to the present and that by reason thereof during said period defendant Joan M. Magriney also experienced anxiety symptoms, all necessitating medical treatment. The counterclaim concludes by praying this court “in addition to dismissing plaintiffs’ Complaint, to render judgment against the plaintiffs and in favor of the defendants in the amount of $50,000.00 and to award penal damages in the amount of $100,000.00, and to grant such other relief as the Court may deem appropriate.”
Plaintiffs have filed various preliminary objections to the counterclaim, including failure to set forth a cause of action against plaintiffs, or any of them, upon which relief may be granted and misjoinder of cause of action. Rule 1510(a) of the Pennsylvania Rules of Civil Procedure provides:
“A defendant may plead as a counterclaim only a cause of action, whether equitable or legal, which arises from the same transaction or occurrence or series of transactions or occurrences from which the plaintiff’s cause of action arose . . .”
Plaintiffs’ cause of action arose from defendants’ alleged violation of the restrictive covenants applicable to defendants’ premises, while the cause of action set forth in defendants’ counterclaim is based on the mere fact that plaintiffs instituted the present proceedings against defendants to adjudicate the enforceability of the restrictions. Thus, defendants’ counterclaim arises from the present legal proceeding, not from the same transactions or occurrences from which plaintiffs’ cause of action arose.
In Brenner v. Sukenik, 410 Pa. 324 (1963), the court stated, page 329:
“. . . A counterclaim to a complaint in equity may only be pleaded to a cause of action which arises from the same transaction or occurrence from which *575 plaintiff’s cause of action arose. Pa. R. C. P. 1510; Goodrich-Amram, § 1510(a); Schomaker v. Schomaker, 247 Pa. 444, 93 A. 460 (1915). Since the plaintiff’s complaint was solely a cause of action for support, the counterclaim of the defendant regarding the true ownership of the savings account was not germane in that the wife-plaintiff could obtain support from the husband’s property whether it was held by them as tenants by the entireties or whether the husband was the sole owner of the property: Crane v. Crane, 373 Pa. 1, 95 A. 2d 199 (1953) . . .”
In the Schomaker case, there was a proceeding in equity by a husband against his wife to compel the latter to permit him to remove certain goods which he claimed as his own from their common domicile, which belonged to defendant and from which he desired to move to a house of his own. An answer was filed in which defendant alleged ownership of the household goods by gift from plaintiff, and also cruel and barbarous treatment, and the husband’s failure to perform certain agreements made with her. Subsequently, defendant filed a cross-bill in which she asked that a decree be made against plaintiff for the enforcement of his alleged promises to pay her a fixed allowance as well as taxes on her real estate. In sustaining plaintiff-husband’s demurrer to the wife’s cross-bill, the Supreme Court stated, page 447:
“. . . The court below was clearly right in dismissing the cross-bill. As stated in the opinion of Judge Haymaker, ‘Her (the defendant’s) cross-bill has little or no relation to the subject matter of the original bill; her allegations raise questions entirely foreign to those of the original bill, and bring into this litigation a variety of matters that she desires to have settled which if permitted would only confuse the true issue in the case.’ While a cross-bill properly may introduce ‘new facts and issues, they must relate to the subject *576 matter of the original bill and must be so closely connected therewith as to constitute the cross-bill a mere auxiliary of the original or a dependency thereon ... ; questions which are entirely distinct from those presented in the original bill cannot be introduced by a cross-bill, although such questions be connected with the subject matter of the original bill’; 16 Cyc. 331 . . (Italics supplied.)
Moreover, as previously noted, no cause of action for “malicious use of process” exists until the termination of the proceeding in which the process was used has terminated favorably to the plaintiff in the action for malicious use: Smoker v. Ohl, et al., supra, 335 Pa. 270; Publix Drug Co. v. Breyer Ice Cream Co., 347 Pa. 346 (1943). In view of the foregoing, we are of the opinion that defendants’ counterclaim must be dismissed.
This protracted litigation in essence involves the validity of certain restrictive covenants and their applicability to defendants’ property and to the use to which defendants are putting that property. Defendants have now had two opportunities to file a counterclaim. It appears that they are unable to state a good cause of action against plaintiffs based upon the allegations contained in their amended counterclaim, and that their inability to do so is of such a nature that it cannot be corrected by additional amended pleadings.
We think the interests of all the parties will be served if this case proceeds as expeditiously as possible to a hearing on the fundamental issues involved.
ORDER
And now, June 10, 1971, paragraph 34 of defendants’ answer under the heading “New Matter” is stricken and defendants’ counterclaim is dismissed with prejudice.