IN THE MATTER OF:                )
JUDGE GEORGE R. GREENE,           )            ORDER
DISTRICT COURT JUDGE,            )
TENTH JUDICIAL DISTRICT           )

Nos. 322P82, 338P82, 361P82

(Filed 22 July 1982)

THE issues presented by these three cases are before the Supreme Court of North Carolina as a result of three separate petitions filed by assistants to the District Attorney, Tenth Prosecutorial District, each such petition being denominated a "Petition for Writ of Mandamus." In support of the allegations contained in these petitions, assistants to the District Attorney have submitted affidavits and other documents. District Court *Judge George R. Greene,* the respondent, has responded to the petitions and disputes many of the allegations contained therein. Included with his response in each case are affidavits in support of the allegations and assertions contained in his response.

Our Case No. 322P82 arose upon a Petition for Writ of Mandamus filed with this Court by Assistant District Attorney Karen P. Davidson asking that this Court issue a Writ of Mandamus requiring Judge Greene to strike judgments of "Not Guilty" entered by him in seven criminal cases on 13 May 1982. In each of these cases the defendants were alleged to have violated § 16-41 of the Code of the Town of Cary by operating a motor vehicle more than 25 miles per hour in a particular marked school zone. When the case of the first of these defendants was called for trial, the defendant's attorney argued that § 16-41 of the Town Code had been superseded by § 16-86. The petitioner contends that Judge Greene stated that § 16-86 was more specific than § 16-41 and, as a matter of law, must apply to the area in question. Section 16-86, we are told, sets the speed limit along the road in question at 45 miles per hour in areas not otherwise posted.

The petitioner contends that in the remaining cases each defendant was called before the bench in turn. In each case the defendant or his attorney informed Judge Greene that the individual was charged with a violation of the posted school zone speed limit of 25 miles per hour in the same zone in question. The petitioner further contends that, upon receiving this information,

Judge Greene stated that the cases were dismissed without giving the State an opportunity to offer evidence and without the State waiving its opportunity to offer evidence.

The petitioner contends that, on the following day, 14 May 1982, the petitioner, acting on behalf of the State and upon the belief that the cases had been dismissed by Judge Greene, attempted to enter formal notice of appeal pursuant to G.S. 15A-1432. The petitioner was informed by a Deputy Clerk of Court that judgments of not guilty had been entered by Judge Greene in each of the cases and, therefore, the State had no right to appeal.

The petitioner contends that the allegations present the questions of whether a judge may return a not guilty verdict upon a defendant's motion to dismiss and whether a District Court judge has authority to enter a judgment of not guilty on his own motion when the State has neither offered evidence nor formally waived its right to offer evidence.

In his response to Case No. 322P82, the respondent, Judge Greene, asserts that the District Attorney's office is not acting in good faith and is attempting to embarrass him. Although it is not contested that the first defendant in the criminal cases giving rise to this petition made a motion to dismiss in response to which Judge Greene entered a judgment of not guilty, most of the other allegations of both the petitioner and the respondent are strongly contested. Each has filed affidavits and other documents purporting to substantiate certain allegations made. We note that the vigor with which the parties contest the facts in this case (our Case No. 322P82) has apparently led attorneys representing Judge Greene to cause some of the District Attorney's telephone conversations to be recorded, as a transcript of a recording of a conversation purported to have taken place between the District Attorney for the Tenth Prosecutorial District and the father of a defendant in one of the criminal cases, apparently made without the District Attorney's knowledge, is included in the materials filed on behalf of the respondent Judge Greene.

In the second matter before us, our Case No. 338P82, Assistant District Attorney Mary H. Dombalis filed a petition for Writ of Mandamus alleging that one Michael Covington was convicted of carrying a deadly weapon, a .25 caliber pistol, on the North

Carolina State University campus in violation of G.S. 14-269.2. The defendant appeared in District Court and entered a plea of guilty as charged on 3 June 1982 and was found guilty by Judge Greene. Judge Greene originally ordered that the gun in question be destroyed but later struck that order and entered an order that the weapon be returned to the defendant. The petitioner herein, the Assistant District Attorney, brought to Judge Greene's attention the mandate of G.S. 14-269.1 regarding the lawful disposition of weapons. The respondent, Judge Greene, indicated that he did not view G.S. 14-269.1, requiring the destruction or other lawful disposition of deadly weapons, as applying to cases involving violations of G.S. 14-269.2. However, Judge Greene struck his order that the weapon be returned to the defendant and stated that he would allow the State to appeal to the Superior Court. The petitioner relies upon *State v. Cox*, 216 N.C. 424, 5 S.E. 2d 125 (1939), and contends that there is no authority in law for the State to appeal such a ruling and that Judge Greene does not have authority to confer a right of appeal upon a party who does not otherwise have such right as a matter of law. The petitioner argues that a Writ of Mandamus compelling the trial court to order the weapon in question disposed of is the only effective method of appeal open to the State.

In the third case brought before us by these petitions (our Case No. 361P82), Assistant District Attorney Mary H. Dombalis petitions this Court to issue a Writ of Mandamus to correct the judicial actions of the respondent Judge Greene in allegedly acquitting a criminal defendant without affording the State the opportunity to present evidence or be heard. The petitioner alleges that a defendant, Walter Glenn Weaver, appeared in District Court for operating a motor vehicle while his license was revoked and for failing to display a current inspection sticker. The petitioner alleges that the docket was extremely heavy and that the respondent, Judge Greene, began calling defendants to the bench who had indicated at the call of the calendar that they wished to plead guilty. While he was doing this the petitioner turned her attention to the cases involving pleas of not guilty but continued to try to remain attentive to what was going on at the bench. The defendant indicated his wish to plead guilty and stated that his license had been revoked for driving under the influence and that he had been allowed a limited driving privilege by another judge.

He also told Judge Greene that his driving privilege allowed him to drive during the time that he was stopped but only to and from work. The defendant admitted that on the occasion in question he was not driving to or from work. The petitioner asserts that Judge Greene then stated that he did not draft limited privileges in this way and told the defendant to take a seat in the courtroom. The petitioner alleges that Judge Greene called the defendant back before him after approximately one hour and said, "not guilty." He told the defendant he could leave, returned the form containing his limited driving privilege and told the defendant that he would not have to pay the court costs. The petitioner asserts that all of this took place so quickly that she was unable to say anything on behalf of the State.

The petitioner alleges that she then approached the courtroom clerk to see the citation. She alleges that the citation had been marked to indicate that the defendant's plea was "not guilty." The verdict was also marked "not guilty." In support of this petition, the petitioner filed an affidavit of a law enforcement officer who had spoken to the defendant in the traffic case in question, Walter Glenn Weaver, and who indicated that Weaver had stated that he had never withdrawn his guilty plea and never entered a plea of not guilty.

The petitioner, relying upon the authority of *State v. Wynn,* 278 N.C. 513, 180 S.E. 2d 135 (1971) and *State v. Barbour,* 243 N.C. 265, 90 S.E. 2d 388 (1955) contends that Judge Greene should have given the defendant an opportunity to withdraw his plea of guilty and to stand trial, if he had any doubts as to the defendant's guilt. Had Judge Greene done this, the petitioner contends that he would have then been required to allow the State to offer evidence and to be heard. Instead, the petitioner contends that Judge Greene entered a plea of not guilty and a verdict of not guilty without noticed to the State or giving the State the opportunity to be heard, when the defendant was attempting to plead guilty and the State had no reason to believe the plea would not be accepted. The petitioner points out, among other things, that such action, if found to have occurred, would violate Canon 3(A)(4), North Carolina Code of Judicial Conduct, 283 N.C. 771, 772 (1973).

The respondent, Judge Greene, contests the allegations of fact of this petition (our Case No. 361P82) as well as the allega-

tions of fact of the other two petitions for writs of mandamus. He asserts that the defendant changed his plea after Judge Greene advised him that he should change it from guilty to not guilty. Judge Greene further asserts that the judgment was not entered for more than an hour after the defendant changed the plea, in order that Judge Greene might have time to consider an appropriate judgment. Judge Greene does not contend that evidence was ever offered for the State but asserts the State was given the opportunity to offer evidence. The respondent, Judge Greene, again asserts that the petitions were filed for the purpose of casting aspersions upon his ethics and to embarrass him and not for proper purposes. In support of this assertion, the respondent again calls to our attention the document purporting to be a transcript of a telephone conversation of the District Attorney which he asserts was recorded without the District Attorney's knowledge.

As previously indicated, the allegations of the petitioners and the respondent are, for the most part, strongly contested in each of these cases. The parties' allegations are supported by affidavits and other documentation including affidavits of various members of the bar, various court functionaries and criminal defendants. This Court, unlike a trial court, is ill-equipped to resolve disputed questions of fact. Unlike trial courts and other lawfully constituted fact-finding bodies, we do not hear live testimony of sworn witnesses and are required to rely exclusively upon written records in the performance of the great majority of our functions.

We note that certain of the petitioners' allegations in the three separate petitions before us, if read together as though they were parts of one petition, may be construed as indicating that the petitioners believe that Judge Greene has engaged in a continuing course of conduct prejudicial to the administration of justice and has wilfully and persistently failed to perform required duties within the meaning of G.S. 7A-376 (Grounds for censure or removal). If, for example, a trial judge intentionally entered orders, verdicts or judgments which did not accurately reflect the disposition of a case, and did this for the purpose of insulating himself from appellate review, such conduct would be covered by the terms of that statute. If the petitions here are viewed as separate parts of one complaint, it is possible to inter-

In re Greene

pret them as indicating an underlying complaint of such conduct or similar conduct. However, should this in fact be the intended thrust of the petitioner's allegations and assertions, The Judicial Standards Commission, not this Court, would seem to be a more appropriate forum to consider such complaints initially. G.S. 7A-375. Further, we emphasize that this Court has not formed and does not express here any opinion as to whether any such complaint, if ever made against the respondent, would have merit.

Not having the benefit of either an agreed-upon statement of facts or of facts found by a lower court or other entity lawfully authorized to find facts subject to our review, this Court will not consider further, at this time and upon the record before us, the strongly contested allegations and assertions as to the facts and matters sought to be presented by these petitions and the responses. The petitions for writs of mandamus in our case Nos. 322P82, 338P82 and 361P82, therefore, are denied.

This order shall be printed in the official reports of decisions of this Court.

Done by the Court in Conference this 22nd day of July, 1982.

MITCHELL, J.
For the Court