IN THE MATTER OF WILLIAM     )
A. CREECH, District Court      )            ORDER
Judge, Tenth Judicial District   )

No. 522P85

(Filed 19 September 1985)

THIS cause is before the Supreme Court of North Carolina upon petition of the District Attorney, Tenth Prosecutorial District, for Writ of Mandamus. Although the time for filing a response has expired, no response has been filed to the petition.

On 4 June 1985, in case number 85CR37814, Jimmie Wayne Barnes was charged with the offense of aiding and abetting possession of a malt beverage by a person under the age of 19, the defendant being over the age of 19, in violation of N.C.G.S. 18B-302(c)(2).

The matter came on for trial on 5 August 1985 in the District Court of Wake County before Judge Creech, and the defendant, Barnes, was allowed to enter a plea of no contest. After hearing evidence from the State and from the defendant, Judge Creech stated, "upon a plea of *nolo contendere,* I find the defendant not guilty" and entered upon the record a verdict of not guilty. The assistant district attorney for the State took exception to the action of Judge Creech on the basis that a verdict of not guilty was improper upon a plea of no contest.

Under N.C.G.S. 15A-1011(a) "a defendant may plead not guilty, guilty, or no contest '(*nolo contendere*).'" As stated in the official commentary to N.C.G.S. 15A-1011, "[i]n line with its policy of eliminating Latin and Law French phraseology from the code, the Commission renamed the plea of *nolo contendere* as a plea of no contest. The Commission did not intend to change the legal effect of the plea as developed by North Carolina's common law." As stated by this Court in *State v. Barbour,* 243 N.C. 265, 266 (1955): "In this jurisdiction and apparently in all the State and Federal Courts where such a plea is allowed, a plea of *nolo contendere* to a warrant or an indictment, good in form and substance, when accepted by the court, becomes an implied confession of guilt, and for the purpose of that case only is equivalent to a plea of guilty. [Citations omitted.]"

Further, the court in *Barbour* stated at page 267: "When a plea of *nolo contendere* has been accepted by the court, and as long as it stands, it is not within the province of the court to adjudge the defendant guilty or not guilty. [Citations omitted.]" The court in *Barbour* went on to say that the judge may then only proceed to hear evidence to aid him in fixing punishment, and if the defendant contends that he is not guilty of the offenses charged in the warrant, the judge should permit him to withdraw his plea, and proceed to trial. However, the judge is without authority to enter a verdict of not guilty upon the plea of no contest.

IT IS THEREFORE ORDERED that Judge William A. Creech, District Court Judge, Tenth Judicial District, be, and he is hereby, directed in case number 85CR37814 to strike the verdict of not guilty entered 5 August 1985 in the case of *State of North Carolina v. Jimmie Wayne Barnes* and to proceed either to sentence the defendant on his plea of no contest, or to determine whether said defendant should, under the law of North Carolina, be allowed to withdraw his plea and proceed to trial.

It is further ordered that Ernest Edward Paronto is hereby designated as Assistant Marshal of the Supreme Court of North Carolina to forthwith personally serve upon Judge Creech a certified copy of this writ and make his return hereon.

By order of the Court in conference this 19th day of September 1985.

> BILLINGS, J.
> For the Court